No. 91–5852.  MARTIN *v.* KNOX ET AL.  C. A. 3d Cir.  Certiorari denied. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Opinion of JUSTICE STEVENS, with whom JUSTICE BLACKMUN joins, respecting the denial of the petition for writ of certiorari.

On November 4, 1991, the Court applied its recently amended Rule 39.8 to eight petitions filed by James L. Martin.  Instead of simply denying those certiorari petitions on the ground that they lacked merit, the Court denied Martin leave to proceed *in forma pauperis* on the ground that the petitions were repetitive and frivolous.  *Zatko* v. *California, ante,* p. 16.  I dissented from that action, in part, because drawing distinctions between those petitions that are frivolous and those that are merely meritless is a wasteful use of this Court's resources.  The Court should simply deny certiorari once a determination is made that the petition lacks merit; there is no reason for the Court to make an additional inquiry into whether the petition is frivolous and thus the motion for leave to proceed *in forma pauperis* should be denied instead. The point is illustrated by the Court's correct disposition of this petition filed by Martin.

The petition is not frivolous because it raises a question on which the Courts of Appeals are in conflict.  Compare *In re Beard,* 811 F. 2d 818, 827 (CA4 1987) (district judge's failure to disqualify himself can be reviewed by a petition for writ of mandamus); *Union Carbide Corp.* v. *U. S. Cutting Service, Inc.,* 782 F. 2d 710, 713 (CA7 1986) (same), with *Pittsburgh* v. *Simmons,* 729 F. 2d 953, 954 (CA3 1984) (judge's failure to recuse himself is reviewable only after final judgment); *Cleveland* v. *Krupansky,* 619 F. 2d 576, 578 (CA6) (same), cert. denied, 449 U. S. 834 (1980). Accordingly, it would be inappropriate to invoke Rule 39.8 and deny Martin's motion for leave to proceed *in forma pauperis.*  I nevertheless agree that it is proper to deny the certiorari petition because it appears that the underlying recusal motion has no merit.