## MARTIN v. DISTRICT OF COLUMBIA COURT OF APPEALS ET AL.

No. 92–5584. Decided November 2, 1992*

PER CURIAM.

*Pro se* petitioner James L. Martin requests leave to proceed *in forma pauperis* under Rule 39 of this Court. We deny this request pursuant to our Rule 39.8. Martin is al-

---

*Together with No. 92–5618, *Martin* v. *McDermott et al.*, also on motion of petitioner for leave to proceed *in forma pauperis.*

1

lowed until November 23, 1992, within which to pay the docketing fees required by Rule 38 and to submit his petitions in compliance with this Court's Rule 33. We also direct the Clerk not to accept any further petitions for certiorari from Martin in noncriminal matters unless he pays the docketing fee required by Rule 38 and submits his petition in compliance with Rule 33.

Martin is a notorious abuser of this Court's certiorari process. We first invoked Rule 39.8 to deny Martin *in forma pauperis* status last November. See *Zatko* v. *California,* 502 U. S. 16 (1991) *(per curiam).* At that time, we noted that Martin had filed 45 petitions in the past 10 years, and 15 in the preceding 2 years alone. Although Martin was granted *in forma pauperis* status to file these petitions, all of these petitions were denied without recorded dissent. In invoking Rule 39.8, we observed that Martin is "unique—not merely among those who seek to file *in forma pauperis,* but also among those who have paid the required filing fees— because [he has] repeatedly made totally frivolous demands on the Court's limited resources." *Id.,* at 18. Unfortunately, Martin has continued in his accustomed ways.

Since we first denied him *in forma pauperis* status last year, he has filed nine petitions for certiorari with this Court. We denied Martin leave to proceed *in forma pauperis* under Rule 39.8 of this Court with respect to four of these petitions,[1] and denied the remaining five petitions outright.[2] Two additional petitions for certiorari are before us today, bringing the total number of petitions Martin has filed in the

---

[1] *Martin* v. *Smith, post,* p. 810; *Martin* v. *Delaware, post,* p. 810; *Martin* v. *Sparks, post,* p. 810; *Martin* v. *Delaware,* 505 U. S. 1203 (1992).

[2] *Martin* v. *Delaware Law School of Widener Univ., Inc., post,* p. 841; *Martin* v. *Delaware, post,* p. 886; *Martin* v. *Knox,* 502 U. S. 999 (1991); *Martin* v. *Knox,* 502 U. S. 1015 (1991); *Martin* v. *Medical Center of Delaware,* 502 U. S. 991 (1991).

past year to 11. With the arguable exception of one of these petitions, see *Martin* v. *Knox*, 502 U. S. 999 (1991) (STEVENS, J., joined by BLACKMUN, J., respecting denial of certiorari), all of Martin's filings, including those before us today, have been demonstrably frivolous.

In *Zatko*, we warned that "[f]uture similar filings from [Martin] will merit additional measures." 502 U. S., at 18. As we have recognized, "[e]very paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U. S. 180, 184 (1989) *(per curiam)*. Consideration of Martin's repetitious and frivolous petitions for certiorari does not promote this end.

We have entered orders similar to the present one on two previous occasions to prevent *pro se* petitioners from filing repetitious and frivolous requests for extraordinary relief. See *In re Sindram*, 498 U. S. 177 (1991) *(per curiam); In re McDonald, supra.* Although this case does not involve abuse of an extraordinary writ, but rather the writ of certiorari, Martin's pattern of abuse has had a similarly deleterious effect on this Court's "fair allocation of judicial resources." See *In re Sindram, supra,* at 180. As a result, the same concerns which led us to enter the orders barring prospective filings in *Sindram* and *McDonald* require such action here.

We regret the necessity of taking this step, but Martin's refusal to heed our earlier warning leaves us no choice. His abuse of the writ of certiorari has been in noncriminal cases, and so we limit our sanction accordingly. The order will therefore not prevent Martin from petitioning to challenge criminal sanctions which might be imposed on him. But it will free this Court's limited resources to consider the claims

of those petitioners who have not abused our certiorari process.

<em>It is so ordered.</em>

JUSTICE STEVENS, with whom JUSTICE BLACKMUN joins, dissenting.

In my opinion the judicial resources of the Court could be used more effectively by simply denying Martin's petitions than by drafting, entering, and policing the order the Court enters today. The theoretical administrative benefit the Court may derive from an order of this kind is far outweighed by the shadow it casts on the great tradition of open access that characterized the Court's history prior to its unprecedented decisions in *In re McDonald*, 489 U. S. 180 (1989) *(per curiam)*, and *In re Sindram*, 498 U. S. 177 (1991) *(per curiam)*. I continue to adhere to the views expressed in the dissenting opinions filed in those cases, and in the dissenting opinion I filed in *Zatko* v. *California*, 502 U. S. 16, 18 (1991) *(per curiam)*. See also *Talamini* v. *Allstate Ins. Co.*, 470 U. S. 1067 (1985), appeal dism'd (STEVENS, J., concurring).