## IN RE GAYDOS

No. 96–5831.   Decided December 2, 1996

PER CURIAM.

*Pro se* petitioner Maria L. Gaydos seeks leave to proceed *in forma pauperis* and requests this Court to issue a writ of mandamus ordering (1) the Clerk of the District Court for the District of New Jersey to file her Freedom of Information Act (FOIA) lawsuit challenging this Court's orders in 10 previous cases in which Gaydos was denied leave to proceed *in forma pauperis* under this Court's Rule 39.8; * (2) the disqualification of William T. Walsh, Clerk of the District Court, and William K. Suter, Clerk of this Court; and (3) the issuance of summons under Federal Rule of Civil Procedure 4. In the alternative, she asks this Court to exercise its original jurisdiction over her FOIA suit because her complaint concerns this Court's orders.

We deny petitioner's requests. Petitioner is allowed until December 23, 1996, within which to pay the docketing fees required by Rule 38 and to submit her petition in compliance

---

*Rule 39.8 provides: "If satisfied that a petition for a writ of certiorari, jurisdictional statement, or petition for an extraordinary writ . . . is frivolous or malicious, the Court may deny a motion for leave to proceed *in forma pauperis.*"

with Rule 33.1. For the reasons discussed below, we direct the Clerk of the Court not to accept any further petitions for certiorari or for extraordinary writs in noncriminal matters from petitioner unless she first pays the docketing fee required by Rule 38 and submits her petition in compliance with Rule 33.1.

Petitioner has a history of frivolous, repetitive filings. She has been denied leave to proceed *in forma pauperis* 10 times, and she has filed at least 8 other petitions. This most recent petition is nearly incomprehensible, and alludes to, among other things, fraud by the staff of this Court and impending impeachment proceedings against Clerks Walsh and Suter in the House of Representatives. We also note that the relief she purports to seek has already been granted: The District Court docketed petitioner's FOIA complaint as Case No. 96–CV–42435 on September 9, 1996, and promptly dismissed it "in its entirety" the following week.

We enter the order barring future *in forma pauperis* filings for the reasons discussed in *Martin* v. *District of Columbia Court of Appeals*, 506 U. S. 1 (1992). Because petitioner has limited her abuse of our processes to noncriminal cases, we limit our sanction accordingly.

*It is so ordered.*

JUSTICE STEVENS, dissenting.

For reasons previously stated, see *Martin* v. *District of Columbia Court of Appeals*, 506 U. S. 1, 4 (1992), and cases cited, I respectfully dissent.