# IN RE VEY

No. 96–8005.   Decided April 14, 1997

PER CURIAM.

*Pro se* petitioner Eileen Vey seeks leave to proceed *in forma pauperis* and requests this Court to issue a writ of habeas corpus vacating her 13-year-old convictions.

This is not Vey's first filing in this Court.   In the past 6½ years, she has filed 11 petitions for certiorari, 12 petitions for extraordinary relief, and 2 applications for bail.   All of these have been denied.   For the first 14 of those submissions, we granted her motions to proceed *in forma pauperis*. Since then, we have five times denied her leave to proceed *in forma pauperis* under this Court's Rule 39.8.*

We again deny petitioner's motion to proceed *in forma pauperis*.   Her various allegations are supported by nothing other than her own conclusory statements that they are true.

---

*Rule 39.8 provides: "If satisfied that a petition for a writ of certiorari, jurisdictional statement, or petition for an extraordinary writ is frivolous or malicious, the Court may deny a motion for leave to proceed *in forma pauperis*."

Petitioner is allowed until May 5, 1997, within which to pay the docketing fees required by Rule 38 and to submit her petition in compliance with Rule 33.1. In light of her history of frivolous, repetitive filings, we direct the Clerk of the Court not to accept any further petitions for extraordinary writs from petitioner unless she first pays the docketing fee required by Rule 38 and submits her petition in compliance with Rule 33.

We enter the order barring future *in forma pauperis* filings for the reasons discussed in *Martin* v. *District of Columbia Court of Appeals*, 506 U. S. 1 (1992) *(per curiam)*.

*It is so ordered.*

JUSTICE STEVENS, dissenting.

For reasons previously stated, see *Martin* v. *District of Columbia Court of Appeals*, 506 U. S. 1, 4 (1992) (STEVENS, J., dissenting), and cases cited, I respectfully dissent.