## IN RE KENNEDY

No. 98–6945.   Decided January 11, 1999

PER CURIAM.

*Pro se* petitioner Kennedy seeks leave to proceed *in forma pauperis* under Rule 39 of this Court.   We deny this request pursuant to Rule 39.8.   Kennedy is allowed until February 1, 1999, within which to pay the docketing fee required by Rule 38 and to submit his petition in compliance with this Court's Rule 33.1.   We also direct the Clerk of the Court not to accept any further petitions for certiorari nor petitions for extraordinary writs from Kennedy in noncriminal matters unless he pays the docketing fee required by Rule 38 and submits his petition in compliance with Rule 33.1.

Kennedy has abused this Court's certiorari and extraordinary writ processes.   In October 1998, we invoked Rule 39.8 to deny Kennedy *in forma pauperis* status.   See *In re Kennedy, post,* p. 807.   At that time, Kennedy had filed four petitions for extraordinary writs and six petitions for certiorari, all of which were both patently frivolous and had been denied without recorded dissent.   The instant petition for an extraordinary writ thus constitutes Kennedy's 12th frivolous filing with this Court.

We enter the order barring prospective filings for the reasons discussed in *Martin* v. *District of Columbia Court*

*of Appeals,* 506 U. S. 1 (1992) *(per curiam).* Kennedy's abuse of the writ of certiorari and of the extraordinary writ has been in noncriminal cases, and so we limit our sanction accordingly. The order therefore will not prevent Kennedy from petitioning to challenge criminal sanctions which might be imposed on him. The order, however, will allow this Court to devote its limited resources to the claims of petitioners who have not abused our process.

*It is so ordered.*

JUSTICE STEVENS, dissenting.

For reasons previously stated, see *Martin* v. *District of Columbia Court of Appeals,* 506 U. S. 1, 4 (1992) (STEVENS, J., dissenting), and cases cited, I respectfully dissent.