## CROSS v. PELICAN BAY STATE PRISON ET AL.

No. 98–8486. Decided May 24, 1999*

PER CURIAM.

*Pro se* petitioner Cross seeks leave to proceed *in forma pauperis* under Rule 39 of this Court. We deny these requests as frivolous pursuant to Rule 39.8. Cross is allowed until June 14, 1999, within which to pay the docketing fees required by Rule 38 and to submit his petitions in compliance with this Court's Rule 33.1. We also direct the Clerk not to accept any further petitions for certiorari from Cross in noncriminal matters unless he first pays the docketing fee required by Rule 38 and submits his petitions in compliance with Rule 33.1.

Cross has repeatedly abused this Court's certiorari process. On March 8, 1999, we invoked Rule 39.8 to deny Cross *in forma pauperis* status with respect to four petitions for certiorari. See *Cross* v. *Pelican Bay State Prison, post,* p. 1003 (three cases); *Cross* v. *Cambra, post,* p. 1003. Before that time, Cross had filed six petitions for certiorari, all of which were both patently frivolous and had been denied

---

*Together with No. 98–8487, *Cross* v. *Wieking, Clerk, United States District Court for the Northern District of California,* also on motion for leave to proceed *in forma pauperis.*

without recorded dissent. The 2 instant petitions bring Cross' total number of frivolous filings to 12, and he has 4 additional filings—all of them patently frivolous—pending before this Court.

We enter the order barring prospective filings for the reasons discussed in *Martin* v. *District of Columbia Court of Appeals,* 506 U. S. 1 (1992) *(per curiam).* Cross' abuse of the writ of certiorari has been in noncriminal cases, and we limit our sanction accordingly. The order therefore will not prevent Cross from petitioning to challenge criminal sanctions which might be imposed on him. Similarly, because Cross has not abused this Court's extraordinary writs procedures, the order will not prevent him from filing nonfrivolous petitions for extraordinary writs. The order will, however, allow this Court to devote its limited resources to the claims of petitioners who have not abused our certiorari process.

*It is so ordered.*

JUSTICE STEVENS, dissenting.

As I have suggested in the past, the Court uses more of its "limited resources" preparing, entering, and policing orders of this kind than it would by following a consistent policy of simply denying the many frivolous petitions that are filed by a large number of litigants. See *Martin* v. *District of Columbia Court of Appeals,* 506 U. S. 1, 4 (1992) (STEVENS, J., dissenting), and cases cited. I respectfully dissent.