Per Curiam.
Pro se petitioner Fertel-Rust seeks leave to proceed in forma pauperis under Rule 39 of this Court. We deny this request pursuant to Rule 39.8. Fertel-Rust is allowed until July 12, 1999, within which to pay the docketing fee required by Rule 38 and to submit her petition in compliance with this Court’s Rule 33.1. We also direct the Clerk not to accept any further petitions for certiorari from Fertel-Rust in noncriminal matters unless she pays the docketing fee required by Rule 38 and submits her petition in compliance with Rule 33.1.
Fertel-Rust has abused this Court’s certiorari process. Four times in the last five years, we invoked Rule 39.8 to deny Fertel-Rust in forma pauperis status. See Fertel-Rust v. Dane County Social Servs., 513 U. S. 1145 (1995); Fertel-Rust v. Ambassador Hotel, 513 U. S. 1013 (1994); Fertel-Rust v. Milwaukee Police Dept., 513 U. S. 1013 (1994); Fertel-Rust v. Milwaukee Police Dept., 513 U. S. 945 (1994). Before these four denials, Fertel-Rust had filed three petitions for certiorari, all of which were both patently frivolous and denied without recorded dissent. The instant petition *470 for certiorari thus brings Fertel-Rust’s total number of frivolous filings to eight.
We enter the order barring prospective filings for the reasons discussed in Martin v. District of Columbia Court of Appeals, 506 U. S. 1 (1992) (per curiam). Fertel-Rust’s abuse of the writ of certiorari has been in noneriminal eases, and so we limit our sanction accordingly. The order therefore will not prevent Fertel-Rust from petitioning to challenge criminal sanctions which might be imposed on her, nor will it prevent her from filing appropriate petitions for an extraordinary writ. The order, however, will allow this Court to devote its limited resources to the claims of petitioners who have not abused our process.

It is so ordered.