748 So.2d 510 (1999)
STATE of Louisiana
v.
Lester J. ADAMS, Jr.
No. 98-KA-1890.
Court of Appeal of Louisiana, Fourth Circuit.
November 17, 1999.
Laura Pavy, Louisiana Appellate Project, New Orleans, Louisiana, Counsel For Defendant-Appellant.
Court composed of Chief Judge Robert J. Klees, Judge Miriam G. Waltzer, Judge Robert A. Katz.
WALTZER, Judge.
On 29 January, 1998, defendant Lester J. Adams, Jr., was charged by bill of information with being a convicted felon in possession of a firearm, a violation of La. R.S. 14:95.1. He was arraigned 3 February, 1998, and pled not guilty. He filed a motion to suppress evidence, which was denied on 23 March, 1998. On 7 April, 1998, a twelve-member jury found defendant guilty as charged. He was sentenced on 6 May, 1998, to ten years hard labor without benefit of parole, probation or suspension of sentence. He filed a motion to reconsider sentence which was denied, and immediately filed a motion for appeal. The record was lodged in this court on 30 July, 1998.

STATEMENT OF FACTS:
The parties stipulated that defendant had a 1996 conviction of possession of cocaine, a violation of La. R.S. 40:967.
Officer Scott Knight, of the New Orleans Police Department, testified that on 23 November, 1997, he was working with Officers Harry O'Neal and Bryan Lampard. They were patrolling an area in which narcotics transactions were reportedly common. At 8:30 a.m., as they turned onto South Liberty Street from Louisiana Avenue, they observed defendant leaning into the driver's side window of a car, talking to a man inside the car. When defendant spotted the police car, he stood up and put his right hand in his right rear pocket. He turned around and pulled his shirt out to cover what the officers believed was a gun. The officers pulled up, at which time defendant broke and ran down an alley. He tripped, fell, and was immediately handcuffed. A gun was found in his right rear pocket. A computer check revealed that defendant was a convicted felon.
Lampard confirmed that the officers were in the area looking for narcotics and weapons violations. He said that it was obvious the defendant was trying to conceal something in his pocket. On cross-examination, he said that he retrieved drugs from the person who had been seated in the car, Reggie Thomas.
*511 Defendant's sister, Stella Hebert, testified that defendant came over to her house on South Liberty to help her with some repairs. He went into a shed in the back of her house and came out holding a gun, saying that he had found it. She told him to put the gun back where he found it, and she would call the police. At that point, however, the police arrived and arrested the defendant.

ERRORS PATENT:
A conviction under La. R.S. 14:95.1 requires that a defendant receive a minimum fine of one thousand dollars. The defendant was not fined in this case; however, this court will not correct errors favorable to the defendant which are not raised by the State or the defense. State v. Fraser, 484 So.2d 122 (La.1986).

ASSIGNMENT OF ERROR:
In his sole assignment of error, defendant argues that the trial court erred in denying his motion to suppress the evidence. Specifically, he argues that the police did not have reasonable suspicion to stop him. We disagree.
Last year, the Louisiana Supreme Court, reversing this court, held that police officers had a reasonable suspicion to stop a man when they saw him leaning into a car and then saw him run away, clutching his waistband, when he noticed the officers. See State v. Benjamin, 97-3065 (La.12/1/98), 722 So.2d 988. When Benjamin discarded a weapon as he ran through private yards, he was legally arrested and thereafter convicted under La. R.S. 14:95.1 for being a convicted felon in possession of a firearm. The Supreme Court stated:
Both the United States and Louisiana Constitutions protect against unreasonable searches and seizures. [Footnote omitted.] The justification for a seizure, or "stop," must be objectively reasonable under the "concrete factual circumstances of individual cases." Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889, (1968). In art. 215.1 of the Code of Criminal Procedure, the Louisiana legislature described the circumstances under which a police officer may stop a person as when "he reasonably suspects [the person] is committing, has committed, or is about to commit an offense." LA. CODE CRIM. PROC. art. 215.1. If evidence was derived from an unreasonable search or seizure, the proper remedy is exclusion of the evidence from trial. Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652 (1914); State v. Tucker, 626 So.2d 707 (La.1993).
This court has previously ruled that flight from police officers, alone, will not provide justification for a stop. State v. Belton, 441 So.2d 1195 (La.1983). This activity, however, is highly suspicious and, therefore, may be one of the factors leading to a finding of reasonable cause. Belton, 441 So.2d at 1198. Given the highly suspicious nature of flight from a police officer, the amount of additional information required in order to provide officers a reasonable suspicion that an individual is engaged in criminal behavior is greatly lessened.
Here, Officers Rome and Pollard observed that Defendant, upon seeing the marked police unit, began to run away holding his waistband as if he were supporting a weapon or contraband. These objective facts known to the officers were sufficient to raise a reasonable suspicion that Defendant either was engaging or was about to engage in criminal activity and, thus, justified a stop.
Benjamin, 722 So.2d at 989.
Here, as in Benjamin, the officers saw the defendant leaning inside of a car in an area known for narcotics trafficking. Immediately upon seeing the police, he put his hand into his pocket and pulled his shirt as if he were trying to hide something. He then ran when the officers approached him. These facts establish a reasonable suspicion sufficient to justify the stop and the subsequent frisk which produced the weapon.
*512 Accordingly, we hold that the trial court did not err in denying the motion to suppress. Because defendant's assignment of error is without merit, we affirm his conviction and sentence.
AFFIRMED.