817 So.2d 841 (2002)
Brenda ARMSTEAD, Petitioner,
v.
STATE of Florida, Respondent.
No. SC01-1094.
Supreme Court of Florida.
May 9, 2002.
Brenda Armstead, pro se, Galveston, TX, Petitioner.
No Appearance for Respondent.
PER CURIAM.
Brenda Armstead petitions this Court for a writ of habeas corpus. We have jurisdiction. See art. V, § 3(b)(9), Fla. Const. For the reasons set forth below, we dismiss the instant petition and sanction Armstead for her abuse of the judicial system.
*842 Armstead has filed a compilation of various letters and other documents that we treat collectively as a petition for writ of habeas corpus. The petition consists of various rambling letters, newspaper clippings, a cartoon, and other pleadings that are either incomprehensible or seek relief this Court is unable to provide. Since June 2000, Armstead has filed twenty petitions. See Armstead v. State, No. SC00-1202 (Fla. June 21, 2000); Armstead v. Feurenstein, No. SC00-1574 (Fla. Aug. 8, 2000); Armstead v. State, No. SC00-1961 (Fla. Nov. 8, 2000); Armstead v. State, 780 So.2d 912 (Fla.2001) (Case No. SC00-2070); Armstead v. State, No. SC00-2644 (Fla. Mar. 16, 2001); Armstead v. State, 790 So.2d 1101 (Fla.2001) (Case No. SC01-802); Armstead v. State, No. SC01-798 (Fla. petition filed Jan. 8, 2000) (pending); Armstead v. United States, 791 So.2d 1094 (Fla.2001) (Case No. SC01-957); Armstead v. State, 791 So.2d 1094 (Fla.2001) (Case No. SC01-958); Armstead v. State, 791 So.2d 1094 (Fla.2001) (Case No. SC01-959); Armstead v. State, 791 So.2d 1094 (Fla.2001) (Case No. SC01-996); Armstead v. State, 791 So.2d 1094 (Fla.2001) (Case No. SC01-1024); Armstead v. State, No. SC01-1094 (Fla. petition filed May 1, 2001) (this case); Armstead v. State, 794 So.2d 603 (Fla.2001) (Case No. SC01-1307); Armstead v. Florida State Hosp., 791 So.2d 1094 (Fla.2001) (Case No. SC01-1336); Armstead v. State, No. SC01-1337 (Fla. petition filed Jun. 8, 2001) (pending); Armstead v. Barry Univ. Sch. of Law, 794 So.2d 603 (Fla.2001) (Case No. SC01-1394); Armstead v. State, 794 So.2d 603 (Fla.2001) (Case No. SC01-1672); Armstead v. State, 796 So.2d 535 (Fla.2001) (Case No. SC01-1675); Armstead v. State, No. SC01-1749 (Fla. petition filed Aug. 3, 2001) (pending).[1] Even though this number is not as great as those filed by some of this Court's other active pro se litigants, it does not accurately reflect the amount of this Court's time which has been consumed by Armstead's filings. In addition to these twenty cases, a host of filings never became cases because they were incomprehensible. Because it appeared that Armstead had abused the judicial system, we concluded that we were forced to limit her ability to monopolize this Court's time. Thus, we issued an order requiring Armstead to show cause why this Court should not limit her filings.
Armstead has technically not filed a response to the order to show cause. Instead, she has returned her original copy of the order to show cause with scribblings in the margins. Most of these comments are similar to her other pleadingsincomprehensible. Further, since the order to show cause was issued, Armstead has continued to file numerous, incomprehensible pleadings.
We must conclude that Armstead's "response" provides no reason whatsoever why this Court should not sanction her as proposed in the order to show cause. We have previously noted that this Court has the inherent power to regulate and sanction a litigant who disrupts its proceedings when such litigation becomes so disruptive that it threatens to deny other litigants their rights. See Jackson v. Florida Dep't of Corrections, 790 So.2d 398, 400-01 (Fla. 2001); see generally Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (concerning a court's inherent power to sanction a litigant who employs bad faith in filing frivolous pleadings despite any lack of specific statutory or rule authority); United States v. International Bhd. of Teamsters, 948 F.2d 1338 (2d Cir.1991) (same); Patsy v. Patsy, 666 *843 So.2d 1045 (Fla. 4th DCA 1996) (same). As in Jackson, we are conscious of a litigant's right of access to the courts. Nevertheless, we also are mindful that failure to limit Armstead's filings could hamper this Court's ability to timely review the many other petitions filed by petitioners who have not abused the system. The United States Supreme Court itself has restrained pro se petitioners who have abused the system in order to allocate the resources of the Court "in a way that promotes the interests of justice." In re McDonald, 489 U.S. 180, 184, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989).
Like this Court, the Supreme Court has had to confront the bitter realization that significant restraints must be placed on some of its pro se litigants in order to ensure access to the courts in general. See id. The Supreme Court stated:
A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice. The continual processing of petitioner's frivolous requests for extraordinary writs does not promote that end.
Id. We have previously recognized that "[t]he resources of our court system are finite and must be reserved for the resolution of genuine disputes." Rivera v. State, 728 So.2d 1165, 1166 (Fla.1998). Further, as the Fifth District Court of Appeal noted many years ago in Platel v. Voorhis & Wells, P.A., 436 So.2d 303, 304 (Fla. 5th DCA 1983), in reference to another litigant:
The consequence of Mr. Platel's litigious disposition and apparent lack of legal training is that this court has been inundated with voluminous and, for the most part, incomprehensible documents from him. This court has spent an unreasonable amount of time and effort attempting to decipher his pleadings, often with no success.
This court recognizes the constitutional mandate that courts be open to all persons under Article I, § 21, Florida Constitution. Because the judicial process is the recognized dispute-settlement method, access to courts should not be placed beyond the reach of any citizen. However, when one person, by his activities, upsets the normal procedure of the court so as to interfere with the causes of other litigants, it is necessary to exercise restraint upon that person. ...
Likewise, we conclude that Armstead's activities have sufficiently upset the normal procedures of this Court such that we find it necessary to exercise restraint upon her ability to file petitions in this Court. Therefore, at this time, we hereby dismiss the instant petition for habeas corpus as facially insufficient. Henceforth, this Court will not accept for filing any pleadings, petitions, motions, documents, or other filings from Armstead that are facially insufficient or incomprehensible. All such filings will be placed in an inactive file with no further action or response. Pleadings will neither be acknowledged nor returned. Upon this case becoming final, all of Armstead's other pending cases also will be dismissed because they are facially insufficient.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS, and QUINCE, JJ., concur.
NOTES
[1] By the time this opinion is issued, additional cases may have been filed and some of the above-referenced cases may have been disposed of.