945 So.2d 1121 (2006)
Connie Whigum HAMILTON, Petitioner,
v.
STATE of Florida, et al., Respondents.
No. SC05-1219.
Supreme Court of Florida.
November 16, 2006.
Rehearing Denied December 13, 2006.
*1122 Connie Whigum Hamilton, pro se, Milton, FL, for Petitioner.
Charles J. Crist, Jr., Attorney General, Tallahassee, FL, for Respondent.
PER CURIAM.
Connie Whigum Hamilton has filed three separate actions in this Court. Hamilton v. State, 932 So.2d 192 (Fla. 2006) (petition for writ of prohibition dismissed); Hamilton v. State, 932 So.2d 192 (Fla.2006) (petition for review dismissed); Hamilton v. State, 928 So.2d 335 (Fla. 2006) (petition for writ of mandamus dismissed). In her three cases, Hamilton has submitted over 130 filings alleging confusing claims of conspiratorial victimization by state courts and officials. Each case has been dismissed, and each motion, supplement, or other request for relief has been dismissed, denied, or stricken. In two of her cases, Hamilton has continued to submit filings even though the case is closed, and Hamilton continues to submit frivolous filings to this Court.[1] By order dated September 18, 2006, this Court expressly retained jurisdiction over this case to pursue possible sanctions against Hamilton. On October 19, 2006, Hamilton was ordered to show cause why this Court should not find that she has abused the legal system and impose upon her a sanction for such abuse, including but not limited to directing the Clerk of this Court to reject for filing any future pleadings, motions, letters, documents, or other filings submitted to this Court by her unless signed by a member of The Florida Bar.
Hamilton has responded to this Court's order to show cause and again offers that she has been victimized by officers of this state. Additionally, Hamilton boasts that she has "the right to file as many documents as necessary" until this Court requests that she refrain. Hamilton has failed to show cause why she should not be sanctioned. In fact, she has effectively admitted that she will continue to abuse the processes of this Court until we ask that she stop. We now sanction Hamilton.
This Court and the United States Supreme Court have, when deemed necessary, exercised the inherent judicial authority to sanction an abusive litigant. See, e.g., Martin v. District of Columbia Court of Appeals, 506 U.S. 1, 113 S.Ct. 397, 121 L.Ed.2d 305 (1992); In re Sindram, 498 U.S. 177, 111 S.Ct. 596, 112 L.Ed.2d 599 (1991); In re McDonald, 489 U.S. 180, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989); May v. Barthet, 934 So.2d 1184 (Fla.2006); Sibley v. Florida Judicial Qualifications Comm'n, 31 Fla. L. Weekly S268, ___ So.2d ___, 2006 WL 1096636 (Fla. Apr. 27, 2006), cert. denied, 75 U.S.L.W. 3106, ___ U.S. ___, 127 S.Ct. 584, 166 L.Ed.2d 430 (2006); Armstead v. State, 817 So.2d 841 (Fla.2002); Peterson v. State, 817 So.2d 838 (Fla.2002); Jackson v. Fla. Dep't of Corr., 790 So.2d 398 (Fla. 2001); Rivera v. State, 728 So.2d 1165 (Fla.1998); Attwood v. Singletary, 661 So.2d 1216 (Fla.1995). One justification for such a sanction lies in the protection of the rights of others to timely review of their legitimate filings. See Martin, 506 U.S. at 3, 113 S.Ct. 397 (imposing sanction *1123 where petitioner's filings for certiorari review had a deleterious effect on the Court's fair allocation of judicial resources); see also Peterson, 817 So.2d at 840 ("This Court has a responsibility to ensure every citizen's right of access to the courts. . . . A limitation on [the petitioner's] ability to file would further the constitutional right to access for other litigants because it would permit this Court to devote its finite resources to the consideration of legitimate claims filed by others."). As noted by the United States Supreme Court, "[e]very paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." In re McDonald, 489 U.S. at 184, 109 S.Ct. 993.
Many of the Court's sanction cases involve situations in which a petitioner has filed numerous frivolous cases. See, e.g., May, 934 So.2d at 1186 (eleven cases); Sibley, 31 Fla. L. Weekly at S268, ___ So.2d at ___ (nine cases); Armstead, 817 So.2d at 842 (twenty cases). In Jackson v. Florida Department of Corrections, the Court noted that the petitioner, Douglas Jackson, had filed thirteen petitions in this Court, and it specifically found that, like Hamilton, Jackson also filed numerous motions and supplements in those cases:
[S]eldom have we come across a petitioner as litigious and frivolous as Jackson. Not only does Jackson file excessive numbers of petitions, but in each petition he files numerous motions and supplements throughout the pendency of each case. More than once this Court has had to expedite a final ruling in one of Jackson's cases so that it could be disposed of before another of the almost daily motions or amendments arrived. It is not uncommon for this Court to have to rule on the petition and a dozen or so motionsthen, after disposition, another dozen or so motions must be ruled on before the case finally becomes final. While this case was pending, Jackson filed nearly a dozen more petitions in this Court, and even after Jackson had responded to the order to show cause and had filed his motion for rehearing, he continued to file a multitude of irrelevant motions in this case and his other pending cases. We finally had to issue an order instructing him not to file any more motions until the prior matters had been ruled upon so that the file could remain with the justices long enough for the analysis to be done.
790 So.2d at 401. As a result of his numerous filings, Jackson was barred from further pro se filings in this Court. Id. at 402.
Hamilton has only filed three cases in this Court. However, since February 2005, Hamilton has submitted over 130 frivolous filings. Although not every filing is in the form of a motion or request for relief, the sheer volume of filings in these cases of things impertinent to their outcome has created a heavy burden for this Court, which has to review each and every filing. This type of abuse brings the adjudication process to a halt and prevents the Court from considering the legitimate claims of other petitioners. Moreover, not once has Hamilton sought leave to file any of her documents. In fact, all of Hamilton's cases were dismissed because she failed to comply with this Court's orders.
Hence, upon a thorough review of Hamilton's filings in this Court, we conclude that she has abused the processes of the Court and has hindered the ability of this Court to resolve those matters that are properly before the Court. We conclude that sanctions are merited on this record. Accordingly, in order to preserve the right *1124 of access for all litigants and promote the interests of justice, the Clerk of this Court is hereby instructed to reject for filing any future pleadings, petitions, motions, documents or other filings submitted by Connie Whigum Hamilton, unless signed by a member in good standing of The Florida Bar. Under the sanction herein imposed, Hamilton is not wholesale being denied access to the courts. She may petition the Court through the assistance of counsel, whenever such counsel determines that the proceeding may have merit and can be filed in good faith. However, Hamilton's frivolous and abusive filings must immediately come to an end. Further, if Connie Whigum Hamilton continues to abuse the processes of this Court, she may be subjected to further contempt proceedings or other appropriate sanctions.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.
NOTES
[1] We have been advised by our Clerk's Office that Hamilton has repeatedly disrupted its operations to the point that court security has had to escort her out of that office so the building can be closed at 5:00 p.m. The Clerk's Office has finite resources that it must use to promote the interests of justice, and it has been unable to accomplish its objectives as a result of Hamilton's unnecessary consumption of its time. Such disruptions to the normal operations of the Court will not be tolerated, and Hamilton is admonished against further such behavior.