984 So.2d 513 (2008)
Julio MORA, Petitioner,
v.
Walter A. McNEIL, etc., Respondent.
No. SC06-267.
Supreme Court of Florida.
March 20, 2008.
Rehearing Dismissed May 23, 2008.
*514 Julio Mora, Pro se, Florida City, FL, for Petitioner.
Bill McCollum, Attorney General, and Carrie R. McNair, Assistant Attorney General, Tallahassee, FL, for Respondent.
PER CURIAM.
On January 31, 2006, Julio Mora filed a petition for writ of mandamus with this Court seeking to compel the First District Court of Appeal to admit allegedly missing exhibits in a proceeding pending there.[1] On August 14, 2006, the petition was denied because the petitioner failed to demonstrate a clear legal right to the relief requested. On August 23, 2006, Mora filed a motion for rehearing. The motion for rehearing alleged in part that Mora was unable to provide service to the respondent because the Department of Corrections (DOC) refused to provide him with service copies. After learning that other pro se petitioners had made similar claims against DOC, we issued an order to DOC to respond to Mora's allegations concerning the provision of service copies and other filing tools. After filing an inadequate response, DOC was ordered to show cause why it should not be compelled to provide Mora and the other similarly situated petitioners with basic necessary service and filing tools. After receiving a response that adequately addressed the concerns raised, on May 24, 2007, the order to show cause was discharged, and several other filings were denied as moot. However, the motion for rehearing and a "Petition to Inhibit Jurisdiction From this Very Supreme Court of Injustice" were still pending before this Court.[2]
On November 26, 2007, the motion and petition were denied, but due to scandalous and obscene language in the petition and his numerous frivolous petitions previously filed in this Court, Mora was also ordered to show cause why this Court should not find that he has abused the legal system process and impose upon him a sanction for such abuse, including but not limited to directing the Clerk of this Court to reject for filing any future pleadings, petitions, motions, letters, documents, or other filings submitted to this Court by him unless signed by a member of The Florida Bar. Mora did not respond to our order to show cause. We now sanction Mora.
Mora has previously filed twenty-three other cases in this Court, and of these, fourteen have been filed in just the past four years. See Mora v. State, 961 So.2d 933 (Fla.2007) (table) (notice to invoke discretionary jurisdiction dismissed); Mora v. State, 961 So.2d 933 (Fla.2007) (table) (notice to invoke discretionary jurisdiction dismissed); Mora v. McDonough, 962 So.2d 337 (Fla.2007) (table) (mandamus petition denied); Mora v. State, 946 So.2d 1070 (Fla.2006) (table) (notice to invoke discretionary jurisdiction dismissed); Mora v. Williams, 946 So.2d 1070 (Fla. 2006) (table) (mandamus petition denied); Mora v. McDonough, 946 So.2d 1070 (Fla. 2006) (table) (habeas corpus petition dismissed); Mora v. McDonough, 925 So.2d 1030 (Fla.2006) (table) (notice to invoke *515 discretionary jurisdiction dismissed); Mora v. State, 918 So.2d 292 (Fla.2005) (table) (mandamus petition denied); Mora v. Crosby, 904 So.2d 431 (Fla.2005) (table) (mandamus petition denied); Mora v. Crosby, 898 So.2d 80 (Fla.2005) (table) (mandamus petition denied); Mora v. State, 898 So.2d 80 (Fla.2005) (table) (petition to invoke all writs jurisdiction denied); Mora v. Crosby, 889 So.2d 71 (Fla.2004) (table) (notice to invoke discretionary jurisdiction dismissed); Mora v. State, 881 So.2d 1113 (Fla.2004) (table) (notice to invoke discretionary jurisdiction dismissed); Mora v. Crosby, 873 So.2d 1223 (Fla.2004) (table) (habeas corpus petition denied on the merits); Mora v. State, 814 So.2d 322 (Fla.2002) (affirming petitioner's convictions, but vacating and remanding sentences); Mora v. State, 814 So.2d 440 (Fla. 2002) (table) (mandamus petition denied without prejudice); Mora v. State, 727 So.2d 908 (Fla.1999) (table) (mandamus petition stricken); Mora v. State, 717 So.2d 535 (table) (Fla. Mar. 27, 1998) (table) (notice to invoke discretionary jurisdiction dismissed); Mora v. State, 717 So.2d 535 (Fla. Mar. 24, 1998) (table) (habeas corpus petition dismissed without prejudice); Mora v. State, No. 91,456 (Fla. Nov. 5, 1997) (transferred); Mora v. State, 699 So.2d 1374 (Fla.1997) (table) (notice to invoke discretionary jurisdiction dismissed); Mora v. AARP & Home Indem. Co., 683 So.2d 484 (Fla.1996) (table) (notice to invoke discretionary jurisdiction dismissed); Mora v. Sole-Chakra, 618 So.2d 1368 (Fla. 1993) (table) (petition for review dismissed).
Of the cases cited above, the only time that Mora was afforded relief was on direct appeal from his death sentence, at which time he was represented by counsel. Moreover, this is not the only court that has been abused by Mora's conduct. The First District Court of Appeal has recently directed its clerk to reject further pro se filings from Mora. Mora v. McDonough, 973 So.2d 1161 (Fla. 1st DCA Feb.28, 2007). In the present case, Mora has filed pro se pleadings containing scandalous and obscene language. Specifically, in his "Petition to Inhibit Jurisdiction From this Very Supreme Court of Injustice," Mora maintained that through its show cause proceedings with DOC, the Court has proven itself "to be a pack of incompetent cowards, without balls, testicles, courage or valor." Further, Mora urged this Court to
take this case and the ultimate decision, if ever, and please shovel it to the chief justice and every other justice's a* *hole, in order to have a common place to store the justices' crap, together with the justice crap from their's mind, properly disposed through the sewer system, in order to prevent the contaminants to reach the citizen of Florida, and also kiss Julio Mora's the idiot seeking justice, kiss his a* *hole every time the justice will retire going to their den. . . . Please kiss my a* * one more time.
In a postscript to the petition, Mora also states:
In case you have missed the crux of the matter in this pleading, please kiss my a* * to inspire you in your daily work, so the dubious scorn of court of injustice may be a thing of the pass if and only if the justices decided to be a man and a woman of probity.
Mora has not responded to this Court's order to show cause and therefore has failed to show cause why he should not be sanctioned. This Court and the United States Supreme Court have when deemed necessary exercised the inherent judicial authority to sanction an abusive litigant. See, e.g., Martin v. District of Columbia Court of Appeals, 506 U.S. 1, 113 S.Ct. 397, 121 L.Ed.2d 305 (1992); In re Sindram, *516 498 U.S. 177, 111 S.Ct. 596, 112 L.Ed.2d 599 (1991); In re McDonald, 489 U.S. 180, 184, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989); Hamilton v. State, 945 So.2d 1121 (Fla.2006), cert. denied, ___ U.S. ___, 127 S.Ct. 2260, 167 L.Ed.2d 1102 (2007); May v. Barthet, 934 So.2d 1184 (Fla.2006); Armstead v. State, 817 So.2d 841 (Fla.2002); Peterson v. State, 817 So.2d 838 (Fla.2002); Jackson v. Fla. Dep't of Corr., 790 So.2d 398 (Fla.2001); Rivera v. State, 728 So.2d 1165 (Fla.1998); Attwood v. Singletary, 661 So.2d 1216 (Fla. 1995). One justification for such a sanction lies in the protection of the rights of others to the timely review of their legitimate filings. See Martin, 506 U.S. at 3, 113 S.Ct. 397 (imposing sanction where petitioner's filings for certiorari review had a deleterious effect on the Court's fair allocation of judicial resources); see also Peterson, 817 So.2d at 840 ("This Court has a responsibility to ensure every citizen's right of access to the courts. . . . A limitation on [the petitioner's] ability to file would further the constitutional right to access for other litigants because it would permit this Court to devote its finite resources to the consideration of legitimate claims filed by others."). As noted by the United States Supreme Court, "[e]very paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." In re McDonald, 489 U.S. at 184, 109 S.Ct. 993.
In Tasse v. Simpson, 842 So.2d 793 (Fla. 2003), we denied a petition for writ of mandamus that contained scandalous and obscene language and ordered the petitioner, Tasse, to show cause why he should not be sanctioned for his abusive language. Id. at 795. Among other things, Tasse referred to a trial judge as a Nazi, a motherf* * *er, and an imbecile. Id. In response, Tasse only further flaunted his disregard for the Court. Id. at 796. Finding that it was not the first time that the petitioner had filed scandalous pleadings, we directed our Clerk of Court to accept no pleading or filing from Tasse unless that pleading was submitted and signed by a member of The Florida Bar in good standing representing Tasse. Id. at 797. In doing so, we stated:
This Court cannot allow its judicial processes to be misused by Tasse to malign and insult those persons and institutions which have been unfortunate enough to come in contact with Tasse. Tasse has litigated the matters he raised in his petition repeatedly, and this is not the first time Tasse has filed scandalous pleadings in this Court. This Court has the authority and the duty to prevent the misuse and abuse of the judicial system. It is clear that Tasse is unable to maintain the bare minimum standard of decorum and respect for the judicial system that all litigants must have when filing court pleadings and seeking court rulings. Since Tasse cannot meet that standard and cannot conduct himself with that basic level of decency, we are forced to forbid Tasse from filing any further pro se pleadings in this Court.
Id. at 795-96 (footnote omitted).
Likewise, here, Mora has clearly misused this Court's processes through his use of obscene and vulgar language. Mora has done so in a situation in which we actually investigated his claim in his motion for rehearing that he was being denied access to courts. We conclude that sanctions are merited on this record. Accordingly, in order to preserve the right of access for all litigants and promote the interests of justice, the Clerk of this Court is hereby instructed to reject for filing any future pleadings, petitions, motions, documents, *517 or other filings submitted by Julio Mora, unless signed by a member in good standing of The Florida Bar. Under the sanction herein imposed, Mora is not wholesale being denied access to the courts. He may petition the Court through the assistance of counsel, whenever such counsel determines that the proceeding may have merit and can be filed in good faith. However, Mora's frivolous and abusive filings must immediately come to an end.
Further, if Mora submits a filing in violation of this order, he may be subjected to further appropriate sanctions including but not limited to the Clerk of this Court forwarding a certified copy of this Court's finding that Mora's filings are frivolous or malicious to the appropriate institution or facility of the Florida Department of Corrections pursuant to section 944.279(1), Florida Statutes (2007).
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.
NOTES
[1] We have jurisdiction. See art. V, § 3(b)(8), Fla. Const.
[2] A "Verified Motion for Disqualification of the Entire Court, for Bias, Prejudice and Vindictive Retaliation of the Court," accusing former Justice Kogan of being a member of an Islamic terrorist cell, was also pending but was denied on September 26, 2007.