PER CURIAM.
Jonathan R. Steele, an inmate in state custody, filed a pro se petition for writ of mandamus.[1] For several years, Steele has been unsuccessfully attempting to collaterally attack his conviction and the sentence imposed by the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, in State v. Steele, Case No. CR96-CF-3036. In June 1996, Steele was convicted of second-degree murder and sentenced to seventeen years and six months of imprisonment, to be followed by twenty years under community control.
Since Steele’s conviction and sentence became final, he has filed numerous petitions in this and other courts. The Fifth District Court of Appeal has previously barred Steele from filing any petitions for extraordinary writ relief related to his conviction and sentence unless such requests for relief are signed by a member in good standing of The Florida Bar. See Steele v. State, 989 So.2d 1223 (Fla. 5th DCA 2008).
On or about October 1, 2008, Steele filed the instant petition and a supplement thereto. Steele requests us to compel the Department of Corrections to allow him to inspect and copy records related to his conviction. Steele asserts that these records will provide him with exculpatory evidence with which to overturn his conviction and sentence. After considering the filings, on December 11, 2008, we denied Steele’s mandamus petition as successive.[2] In so doing, we also expressly retained *222 jurisdiction to pursue possible sanctions against Steele. Steele v. State, 998 So.2d 1146 (Fla.2008) (table report of unpublished order) (No. SC08-1865). On the same day, we ordered Steele to show cause why the Clerk of this Court should not be directed to reject any future pleadings, petitions, motions, letters, documents, or other filings submitted to this Court by him related to his conviction or sentence.
In his response to our order to show cause, Steele first argues that the facts and law support a conclusion that his instant petition is not successive and, therefore, our order denying the petition should be vacated. Next, Steele argues that he is actually innocent of the crime for which he was convicted. Steele further argues that the initiation here of his previous twenty-six cases was not an abuse of process because we never ruled on the merits of those cases. Finally, Steele argues that his body of litigation before this Court has not risen to the level of the “egregious abuse of process” necessary to warrant sanctioning a pro se litigant as contemplated by State v. Spencer, 751 So.2d 47 (Fla.1999). For the reasons that follow, we reject Steele’s arguments and impose the appropriate sanction.
Since 1999, Steele has initiated twenty-seven separate proceedings in this Court, including this petition involving his conviction or sentence entered by the Ninth Judicial Circuit Court in and for Orange County, Florida, in Case No. CR96-CF-3036. We have never granted Steele any relief that he has requested. See Steele v. State, No. SC08-1790 (Fla. Mar. 19, 2009), 2009 WL 746898 (table) (discretionary review denied); Steele v. State, 974 So.2d 387 (Fla.2008) (table) (notice to invoke discretionary jurisdiction dismissed); Steele v. State, 966 So.2d 968 (Fla.2007) (table) (prohibition petition dismissed as moot); Steele v. McDonough, 961 So.2d 934 (Fla.2007) (table) (mandamus petition dismissed for lack of jurisdiction); Steele v. State, 961 So.2d 934 (Fla.2007) (table) (mandamus petition dismissed for lack of jurisdiction); Steele v. State, No. SC05-2095 (Fla. Jan. 18, 2006) (mandamus petition transferred to Ninth Judicial Circuit); Steele v. State, 917 So.2d 195 (Fla.2005) (table) (mandamus petition denied); Steele v. State, 915 So.2d 1197 (Fla.2005) (table) (all writs petition dismissed for lack of jurisdiction); Steele v. State, 914 So.2d 955 (Fla.2005) (table) (notice of appeal dismissed for lack of jurisdiction); Steele v. Crosby, No. SC05-681 (Fla. Apr. 25, 2005) (notice of appeal transferred to Fifth District); Steele v. State, 901 So.2d 120 (Fla.2005) (table) (prohibition petition dismissed for lack of jurisdiction); Steele v. Crosby, No. SC05-267 (Fla. Mar. 7, 2005) (habeas corpus petition transferred to Ninth Judicial Circuit); Steele v. State, 862 So.2d 728 (Fla.2003) (table) (prohibition petition dismissed as premature); Steele v. State, 857 So.2d 197 (Fla.2003) (table) (all writs petition dismissed for lack of jurisdiction); Steele v. State, 853 So.2d 1071 (Fla.2003) (table) (notice to invoke discretionary jurisdiction dismissed); Steele v. Gardner, 847 So.2d 979 (Fla.2003) (table) (notice to invoke discretionary jurisdiction dismissed); Steele v. State, 837 So.2d 412 (Fla.2003) (table) (mandamus petition dismissed for lack of jurisdiction); Steele v. State, 835 So.2d 270 (Fla.2002) (table) (mandamus petition dismissed for lack of jurisdiction); Steele v. State, No. SC02-1800 (Fla. Sept. 25, 2002) (prohibition petition transferred to Fifth District Court of Appeal); Steele v. State, 828 So.2d 389 (Fla.2002) (table) (all writs petition dismissed for lack of jurisdiction); Steele v. Moore, 805 So.2d 810 (Fla.2001) (table) (habeas corpus petition dismissed in part, transferred in part); Steele v. Beary, 786 So.2d 1189 (Fla.2001) (table) (all writs petition dismissed for lack of jurisdiction); *223 Steele v. Beary, 773 So.2d 57 (Fla.2000) (table) (notice to invoke discretionary jurisdiction dismissed); Steele v. State, 762 So.2d 918 (Fla.2000) (table) (notice to invoke discretionary jurisdiction voluntarily dismissed); Steele v. State, 751 So.2d 1254 (Fla.2000) (table) (notice to invoke discretionary jurisdiction dismissed); Steele v. Sentinel Commc’ns, 748 So.2d 510 (Fla.1999) (table) (petition denied on the merits).
These filings were either, like the instant petition, devoid of merit or inappropriate for review in this Court. Steele’s response shows neither justification for using nor remorse about misusing the limited judicial resources of this Court. In addition, Steele’s assertion that his mandamus petition was erroneously denied, contrary to our determination that the claim was successive, is wholly without merit. Thus, Steele has failed to show cause why he should not be sanctioned. We conclude that, unless he is stopped, Steele will continue filing meritless requests for relief in this Court regarding his conviction or sentence.
This Court and the United States Supreme Court have, when necessary, exercised inherent judicial authority to sanction abusive litigants. See, e.g., Martin v. D.C. Court of Appeals, 506 U.S. 1, 113 S.Ct. 397, 121 L.Ed.2d 305 (1992); In re Sindram, 498 U.S. 177, 111 S.Ct. 596, 112 L.Ed.2d 599 (1991); In re McDonald, 489 U.S. 180, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989); Pettway v. McNeil, 987 So.2d 20 (Fla.2008); Tate v. McNeil, 983 So.2d 502 (Fla.2008); Sibley v. Fla. Jud. Qual Comm’n, 973 So.2d 425 (Fla.2006); Lanier v. State, 908 So.2d 332 (Fla.2005); Jean v. State, 906 So.2d 1055 (Fla.2005); Armstead v. State, 817 So.2d 841 (Fla.2002); Peterson v. State, 817 So.2d 838 (Fla.2002); Jackson v. Fla. Dept of Corr., 790 So.2d 398 (Fla.2001); Rivera v. State, 728 So.2d 1165 (Fla.1998); Attwood v. Singletary, 661 So.2d 1216 (Fla.1995).
One important purpose for a court-imposed sanction is to protect the rights of other petitioners to have the Court conduct timely reviews of their legitimate filings. See Martin, 506 U.S. at 3, 113 S.Ct. 397 (imposing sanction where petitioner’s filings for certiorari review had a deleterious effect on the Court’s fair allocation of judicial resources); see also Peterson, 817 So.2d at 840 (“This Court has a responsibility to ensure every citizen’s right of access to the courts.... A limitation on [the petitioner’s] ability to file would further the constitutional right to access for other litigants because it would permit this Court to devote its finite resources to the consideration of legitimate claims filed by others.”).
The United States Supreme Court has also stated that “[e]very paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution’s limited resources. A part of the Court’s responsibility is to see that these resources are allocated in a way that promotes the interests of justice.” In re McDonald, 489 U.S. at 184, 109 S.Ct. 993.
In Pettway, after the petitioner had initiated his twentieth case in this Court that was either devoid of merit or inappropriate for review, this Court barred any further pro se filings related to the petitioner’s conviction and sentence. 987 So.2d at 22-23. Similarly, in Tate, this Court barred any further pro se filings related to the petitioner’s conviction and sentence after he had initiated his eighteenth case that was either devoid of merit or inappropriate for review here. 983 So.2d at 503-04. Following our review of Steele’s filings in this Court, we conclude that Steele has repeatedly initiated frivolous proceedings, has abused the processes of this Court, *224 and has hindered the ability of this Court to resolve other cases that are properly before it. Therefore, sanctions are merited on this record.
Accordingly, in order to preserve the right of access for all litigants and promote the interests of justice, the Clerk of this Court is hereby instructed to reject any future pleadings, petitions, motions, documents, or other filings submitted by Jonathan R. Steele that are related to his conviction or sentence in Ninth Judicial Circuit Case No. CR96-CF-3036 unless such filings are signed by a member in good standing of The Florida Bar. Under the sanction herein imposed, Steele is not being wholesale denied access to the Court. Steele may petition the Court about his conviction or sentence in Case No. CR96-CF-3036 through the assistance of counsel whenever such counsel determines that the proceeding may have merit and can be filed in good faith. However, Steele’s abusive pro se filings related to his conviction or sentence must immediately come to an end.
Furthermore, since we have in this opinion found that Steele has repeatedly initiated frivolous proceedings, we direct the Clerk of this Court, pursuant to section 944.279(1), Florida Statutes (2008), to forward a certified copy of this opinion to the Department of Corrections’ institution where Steele is incarcerated.
It is so ordered.
QUINCE, C.J., and PARIENTE, LEWIS, CANADY, POLSTON, LABARGA, and PERRY, JJ., concur.

. We have jurisdiction. See art. V, § 3(b)(8), Fla. Const.

. See Jenkins v. Wainwright, 322 So.2d 477, 478 (Fla.1975) (plurality opinion) (dicta) (de-daring that one may not pursue the same relief by the same writ in more than one court).