PER CURIAM.
 

 The petition for writ of habeas corpus is denied. The subsequently filed “petitions” bearing this case number are treated as motions and are likewise denied.
 

 The petition herein is only among the latest of petitioner’s repeated pro se attempts to secure relief from his 1994 conviction in Martin County, or to otherwise air his many complaints concerning court and prison officials. None of his rambling,
 
 *658
 
 repetitive, and for the most part incomprehensible filings have been found to have any merit, although the court’s conscientious review of those filings has consumed an inordinate amount of our limited resources. For these reasons, we directed petitioner to show cause why the imposition of sanctions limiting his right to appear pro se should not be imposed. In his response, petitioner continues to assert that he is entitled to relief from his conviction on various grounds, and that habeas corpus is the sole remedy available to him. He contends that the court lacks the authority to sanction him for pursuing collateral criminal remedies, and has adopted an “adversarial” position by suggesting that limiting his right to appear pro se might be warranted.
 

 Contrary to Tate’s argument, it is clearly within the inherent authority of the court to sanction an abusive litigant when necessary to protect the rights of others to have the court conduct timely review of their legitimate filings and to otherwise conserve the judiciary’s limited resources.
 
 See Martin v. Dist. of Columbia Court of Appeals,
 
 506 U.S. 1, 113 S.Ct. 397, 121 L.Ed.2d 305 (1992);
 
 Attwood v. Singletary,
 
 661 So.2d 1216 (Fla.1995). Indeed, the inherent authority of a court to do so was again recognized by the Florida Supreme Court when it found it necessary to limit this very petitioner’s right to appear pro se in that forum.
 
 See Tate v. McNeil,
 
 983 So.2d 502 (Fla.2008).
 

 Having considered Tate’s response to our order, we conclude that he has failed to show good cause why sanctions limiting his right to appear pro se should not be imposed. Accordingly, the clerk of this court is directed to reject for filing any future petitions, motions, pleadings, or other filings submitted by James L. Tate, Jr., unless signed by a member in good standing of The Florida Bar. In any other currently active case in which Tate is representing himself, he shall secure the services of counsel, who shall file a notice of appearance within 30 days of the date of this opinion. Any active case in which such a notice is not timely filed will be dismissed by order of this court.
 

 HAWKES, C.J, WOLF and DAVIS, JJ., concur.