NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CAROLYN E. O'CONNOR,**
*Plaintiff-Appellant,*

v.

**UNITED STATES,**
*Defendant-Appellee.*

---

2010-5013

---

Appeal from the United States Court of Federal Claims in case no. 09-CV-116, Judge George W. Miller.

---

## ON MOTION

---

PER CURIAM.

## ORDER

The United States moves to dismiss Carolyn E. O'Connor's appeal as untimely.

On August 7, 2009, the United States Court of Federal Claims dismissed O'Connor's complaint with prejudice for failure to state a claim within the court's jurisdiction. The Court of Federal Claims determined that, read generously, O'Connor's complaint was a chal-

lenge to other judges' determinations in different cases and raised tort claims outside of the court's jurisdiction.

The court also noted that O'Connor had filed ten lawsuits in seven months in the Court of Federal Claims and that she had been sanctioned or barred by three district courts for filing frivolous litigation. The Court of Federal Claims ordered that O'Connor must file a motion for leave before filing additional complaints in the Court of Federal Claims. The court informed O'Connor that any appeal of its judgment must be filed within 60 days of the entry of judgment. On September 28, 2009, O'Connor moved the court for reconsideration. Because that motion was not filed within 10 days of August 7, 2009, that motion did not toll the time period for filing a notice of appeal from the judgment. Fed. R. App. P. 4(a).

On October 8, 2009, the court denied O'Connor's motion for reconsideration. She filed a document entitled "Objection to Order and Dismissal Appeal of Decision" on October 20, 2009, more than 60 days from the date of entry of judgment, but within 60 days from the date of denial of O'Connor's motion for reconsideration. The Court of Federal Claims transmitted the notice of appeal to this court.

An appeal from a judgment of the Court of Federal Claims must be filed within 60 days after the entry of judgment unless the time to file is tolled by the filing of a timely motion for reconsideration. See 28 U.S.C. § 2522; Fed. R. App. P. 4. As the Supreme Court has stated, when the time for filing a notice of appeal is limited by statute, such as in this case, the appeal period is mandatory and jurisdictional. Bowles v. Russell, 551 U.S. 205 (2007) (the timely filing of a notice of appeal in a civil case is a jurisdictional requirement that cannot be waived).

Because O'Connor did not file a notice of appeal within 60 days after entry of judgment, and because her

motion for reconsideration did not toll the time to appeal the judgment, we do not have jurisdiction to review the judgment dismissing her complaint. To the extent O'Connor may be challenging the denial of her motion for reconsideration, we affirm the denial of her motion. It is within the authority of the court to impose filing restrictions, *see, e.g., Martin v. District of Columbia Court of Appeals*, 506 U.S. 1 (1992) (imposing filing restrictions for frivolous requests for relief), and O'Connor has not convinced this court in her briefs that the trial court should have granted reconsideration.

Accordingly,

IT IS ORDERED THAT:

(1) The motion to dismiss the appeal is granted in part; this court does not have jurisdiction to review the Court of Federal Claims' judgment. The order denying O'Connor's motion for reconsideration is affirmed.

(2) All sides shall bear their own costs.

FOR THE COURT

AUG   2 2010
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc: Carolyn E. O'Connor
    David M. Hibey, Esq.

s19

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

AUG 02 2010

JAN HORBALY
CLERK