**Brenda C. ARMSTEAD, Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

**No. 02–5119.**

United States Court of Appeals, Federal Circuit.

DECIDED: Oct. 15, 2002.

Before MICHEL, Circuit Judge, PLAGER, Senior Circuit Judge, and LOURIE, Circuit Judge.

## DECISION

PER CURIAM.

Brenda C. Armstead appeals from the decision of the United States Court of Federal Claims dismissing her complaint for lack of jurisdiction. *Armstead v. United States*, No. 02–318C (Fed.Cl. May 7, 2002) (*"Order"*). Because the court did not err in dismissing the complaint, we *affirm*.

## DISCUSSION

On April 16, 2002, Ms. Armstead filed a complaint in the United States Court of Federal Claims as a *pro se* litigant, seeking monetary and equitable relief for injuries suffered due to the allegedly wrongful actions of the Lake County, Florida school system and several individuals. On April 30, 2002, the court issued an order directing Armstead to show cause why her complaint should not be dismissed for lack of jurisdiction. *Armstead v. United States*, No. 02–318C (Fed.Cl. Apr. 30, 2002). Armstead filed documents with the court partially responding to that order. Armstead alleged that she had been, among other things, falsely arrested on three occasions, wrongly discharged by the Lake County Schools, discriminated against on the basis of a disability, defamed, and improperly confined to a mental institution. Claiming that she had suffered numerous civil rights violations and great financial loss, Armstead requested injunctive relief to override various state court orders, to expunge various state records, to compel state officials to take certain actions, and to impose sanctions against various state officials and private individuals. The court observed that Armstead's claims sounded in tort; sought equitable relief; were filed against federal government officials, private individuals, and state officials; and alleged general civil rights violations. *Order* at 1–2. Finding none of those claims to be based on the constitutional provisions and statutes over which the Court of Federal Claims has jurisdiction, the court dismissed Armstead's complaint. *Id.* at 2.

Armstead then requested that the court reopen her case. The court construed Armstead's request as both a motion to alter or amend the judgment and a motion for relief from judgment. *Armstead v. United States*, No. 02–318C (Fed.Cl. May 14, 2002). The court denied both of those motions. *Id.* Armstead timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3) (2000).

We review the Court of Federal Claims' dismissal of Armstead's complaint for lack of jurisdiction *de novo*. *See Massie v. United States*, 166 F.3d 1184, 1187 (Fed. Cir.1999). As the plaintiff, Armstead has the burden to show that the Court of Federal Claims had jurisdiction. *See Alder Terrace, Inc. v. United States*, 161 F.3d 1372, 1377 (Fed.Cir.1998).

On appeal, Armstead argues that the Court of Federal Claims failed to consider certain facts and "disregarded [some] basis."[*] She contends that the court applied the wrong law, asserting that the United States is "liable for all personal injury of its citizens." Armstead requests financial judgment and expungement of her false

---

[*] In her informal brief, Armstead alleges that the Court of Federal Claims failed to take into account certain facts when "Judge Miller disregarded basis." It is unclear from the record, however, who Armstead refers to, as the order for the Court of Federal Claims was issued by Judge Allegra.

arrests, but she seeks "no negative action against any party responsible."

The jurisdictional statutes governing the Court of Federal Claims grant authority to the court only to issue judgments against the United States and then only when they are grounded in contract or on a constitutional provision, federal statute, or regulation of the executive department. *See* 28 U.S.C. § 1491 (2000); *United States v. Mitchell*, 463 U.S. 206, 215–16, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983). The Court of Federal Claims does not have jurisdiction over tort claims, *Keene Corp. v. United States*, 508 U.S. 200, 214, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993), or to provide equitable relief except in narrowly defined circumstances not present here, *see Kanemoto v. Reno*, 41 F.3d 641, 644–45 (Fed.Cir. 1994). Furthermore, the court lacks jurisdiction over general civil rights claims that are not based on money-mandating provisions. *Sanders v. United States*, 34 Fed. Cl. 75, 80 (1995), *aff'd*, 104 F.3d 376 (Fed. Cir.1996).

We recognize that allegations made in a *pro se* complaint are to be held to "less stringent standards than formal pleadings drafted by lawyers." *Forshey v. Principi*, 284 F.3d 1335, 1358 (Fed.Cir.2002) (en banc) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). However, after carefully examining the complaint, we conclude that none of the numerous allegations made by Armstead can be fairly read to state a claim against the United States that is grounded in contract or on a constitutional provision, federal statute, or executive regulation. The Court of Federal Claims therefore properly concluded that it lacked jurisdiction to entertain her claims.

We have considered Armstead's remaining arguments and find them unconvincing.

Because we find that the Court of Federal Claims did not err in dismissing Armstead's complaint for lack of jurisdiction, we affirm.