Brenda ARMSTEAD, Plaintiff,

v.

HSBC CARD SERVICES, and Barack
Obama, Defendant.

No. 08–3169.

United States District Court,
C.D. Illinois,
Springfield Division.

April 3, 2013.

Brenda C. Armstead, Casselberry, FL,
pro se.

### ORDER

RICHARD MILLS, District Judge.

Almost ten years ago, a district judge observed the following regarding Brenda C. Armstead:

Armstead is no stranger to federal civil litigation. She has filed at least 45 complaints in various district courts across the country. She has also filed over 30 lawsuits in the Florida courts, prompting the Florida Supreme Court

to sanction her in 2002. Several federal courts have either sanctioned Armstead, or warned her that she will be sanctioned, because of her insistence on filing frivolous lawsuits which tax the courts' resources and staff.

*Armstead v. Briggs,* No. Civ. A. 03–145, 2004 WL 339647, at *1 (D.Del.2004) (footnotes omitted).

The deluge of frivolous court filings has continued unabated to the present day, and has now happened for the second time in this case.

The Plaintiff initiated this action in early August 2008, raising issues related to her credit card company and seeking the installation of then-President George W. Bush and then-Senator Barack Obama as co-presidents for life. The Court terminated the action on August 15, 2008, finding the case frivolous and noting her history of filing groundless suits. *See Armstead v. HSBC Card Servs.,* No. 08–3169, 2008 WL 3833762 (C.D.Ill.2008).

On March 28, 2013, the Court received three pages received from Plaintiff Armstead via facsimile from the Suburban Extended Stay Hotel in Casselberry, Florida.

The documents consist of (1) a document that states "Notice of Appeal;" (2) the first page of the order entered by this Court in this case on August 15, 2008; and (3) a copy of a letter from the Clerk of Court to the Plaintiff dated July 22, 2008.

■ The "Notice of Appeal" appears to be an attempt to have the instant action appealed to the United Nations Administrative Tribunal, New York, New York. The document requests that the notice be forwarded to that tribunal, and a telephone and facsimile number were provided. However, the tribunal was abolished at the end of 2009. *See* G.A. Res. 63/253, ¶ 43 (March 17, 2009).

The "Notice of Appeal" discusses the following issues, purportedly in relation to the Supreme Court's decision in *United States v. Libellants & Claimants of the Schooner Amistad,* 15 Peters (40 U.S.) 518, 10 L.Ed. 826 (1841): the forced transportation of African–Americans to Africa, compensation to be paid to said individuals, the jailing of President Barack Obama for contempt of Court, the expulsion of President Obama to Africa, and the installation of President Obama as the "President of the Continent of Africa."

It is apparent that the "Notice of Appeal" is as frivolous as the original claims in this case.

■ Generally, the filing of a notice of appeal confers jurisdiction on the court of appeals, and divests the district court of jurisdiction. *See Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982). However, when a notice of appeal is deficient, the district court retains jurisdiction over the case. *See Rucker v. Dep't of Labor,* 798 F.2d 891, 892 (6th Cir.1986) ("As a general rule, a district court loses jurisdiction over an action when a party perfects an appeal unless that appeal is untimely, is an appeal from a non-appealable non-final order, or raises only issues that were previously ruled upon in that case by the appellate court."); *Ruby v. Sec'y of U.S. Navy,* 365 F.2d 385, 389 (9th Cir.1966) ("Where the deficiency in a notice of appeal, by reason of untimeliness, lack of essential recitals, or reference to a non-appealable order, is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction.").

■ The "Notice of Appeal" is deficient. It is untimely, as it was filed *over four years after this case was closed. See* Fed. R.App. P. 4(a)(1)(B) (notice must be filed within 60 days if one of the defendants is a federal officer). The Court notes that the Plaintiff has indicated that the appeal is being taken to a tribunal that is not part of

the Federal Judiciary—a U.N. tribunal that has been abolished by the U.N. General Assembly. *See* Fed. R.App. P. 3(c)(1)(C) (notice must name the court to which the appeal is taken). Finally the Court notes that filings received via facsimile are disfavored. *See* C.D. Ill. L.R. 5.1(D), 83.11.

The Plaintiff has a history of filing late appeals. *See Armstead v. Whitmore,* 77 Fed.Appx. 648 (4th Cir.2003); *Armstead v. Cornyn,* 81 Fed.Appx. 795 (4th Cir.2003).

As noted above, the Plaintiff has a demonstrated history of abusing the judicial process. *See In re Armstead,* 75 Fed. Appx. 788 (Fed.Cir.2003); *Armstead v. United States,* 49 Fed.Appx. 895 (Fed.Cir. 2002); *Armstead v. Merrick Bank,* No. 08–CV–4291, 2008 WL 4934041 (E.D.N.Y. 2008); *Armstead v. HSBC Card Servs.,* No. C08–3554, 2008 WL 3540173 (N.D.Cal. 2008); *Armstead v. Bush,* 2005 WL 1836957 (E.D.Cal.2005); *Armstead v. Bush,* No. CIV–305–274H, 2005 WL 1503556 (W.D.Ky.2005); *Armstead v. Gray,* No. 3–03–CV–1350, 2003 WL 21730737 (N.D.Tex.2003); *Armstead v. Elfvin,* No. 302CV2690M, 2003 WL 22947465 (N.D.Tex.2003); *Armstead v. Sorrentino,* No. 03–C–51, 2003 WL 23142222 (W.D.Wis.2003); *Armstead v. Harkness,* No. 02–C–687 & 02–C–688, 2003 WL 23142228 (W.D.Wis.2003); *Armstead v. H.D. Robuck Law Firm,* No. Civ. A. 302CV2604, 2003 WL 21828636 (N.D.Tex. 2003); *Armstead v. Claiborne,* No. 03–CV–200, 2003 WL 21418884 (N.D. Texas 2003); *Armstead v. Brewer,* No. 03–CV–0318, 2003 WL 21509158 (N.D.Tex.2003); *Armstead v. Hoeveler,* No. Civ. 02–249, 2003 WL 77091 (D.Me.2003); *Armstead v. Florida,* 817 So.2d 841 (Fla.2002) (collecting Florida state cases).

*Ergo,* the Clerk of Court is directed to file the documents as a miscellaneous exhibit. The Court finds that the documents are too deficient to be construed as a notice of appeal, the Court retains jurisdiction over the case, and the Court declines to forward the documents to the Court of Appeals.

The Clerk of Court is directed to forward a copy of this Order to the Plaintiff at 210 N. Oxford Road, # 330, Casselberry, Florida, 32707.

The Court warns that further frivolous filings may result in the imposition of sanctions.

The Clerk of Court is directed to add Brenda C. Armstead to the list of restricted filers.

The Court will take no further action on this matter.

IT IS SO ORDERED.