**James LATTANZIO, Appellant,**

v.

**Thomas JOYCE and Jennifer Joyce, Appellees.**

**No. 2009–CA–000569–MR.**

Court of Appeals of Kentucky.

April 2, 2010.

James Lattanzio, Harrodsburg, KY, Pro se.

No Brief for Appellee.

Before LAMBERT and STUMBO, Judges; WHITE,[1] Senior Judge.

*OPINION*

LAMBERT, Judge.

James Lattanzio appeals the sanctions entered by the Mercer Circuit Court on February 27, 2009. The trial court ordered that Lattanzio could not continue with his lawsuit against the Joyces unless he hired an attorney. Lattanzio was further ordered to pay $350.00 in attorney fees for violating Kentucky Rules of Civil Procedure (CR) 11. For the reasons set forth herein, we affirm in part and reverse in part.

On March 17, 2008, Lattanzio filed a *pro se* lawsuit against the Joyces for defamation, malicious prosecution, and other intentional torts. Thereafter, various pleadings were filed by both parties, but mostly by Lattanzio. The gist of the Joyces' defense was that Lattanzio was utilizing this lawsuit as a means of intimidating and harassing them for participating in a criminal investigation involving Lattanzio.

On July 14, 2008, the trial court entered an order ruling that Lattanzio's lawsuit shall be abated until such time as the criminal matter pending against him was concluded. The trial court found that "the facts in this case are integrally tied to a criminal proceeding pending against [Lattanzio] and that the final outcome of that criminal case would be issue preclusive of the pending issues in this litigation...."

Two months later, on September 29, 2008, Lattanzio filed a motion to compel the Joyces to respond to his numerous discovery requests. He also filed motions for an injunction hearing and to vacate the abatement. To support his motion to vacate the abatement, Lattanzio alleged that

1. Senior Judge Edwin White sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

the criminal matter against him had been dismissed.

On November 7, 2008, the Joyces filed a motion for sanctions against Lattanzio. In their motion, they alleged that a letter written by Lattanzio to the Joyce's attorney was inappropriate. The letter stated as follows: [2]

> According to the disclosure from the County Attorney your client, Thomas Joyce was not on the witness list in my criminal matter that was dismissed on September 25.
>
> You also stated (from the transcript) to the Judge in Court in June, *"my clients have already been subpoenaed"* which was a lie. Your clients were not subpoenaed, so I will be shortly addressing your misconducts in Court.
>
> You have stalled this matter long enough and I will no longer let you come to Court and lie for your clients. I had hoped that the Joyces would have acted much more seriously upfront regarding the issues between us. However, when they chose not to resolve or settle this matter quickly but prolong, stall and continue the fight, I of course responded in kind and have planned to further respond appropriately.
>
> Because of the damages and the Joyces [sic] conduct, I will initiate other actions civil and criminal against "them" to hold "them" accountable and recover full damages. I have already filed initial criminal complaints against them. I have also contacted the special investigator for the Commonwealth Attorney and will meet with her shortly.

> If your clients want to settle and I assume the Joyces want a "clean" walk away and do not want to face "any" fallout from these matters, I could move on with my life and recover from damages with a one-time-payment from them of $150,000, which is well below what I will ask and I think a jury trial would award me and considering I would withdraw any criminal potentials.
>
> As this constitutes a settlement proposal, I reserve all rights and hold that no part of this offer will be used in Court or trial as any offsets to any awards, should this offer be rejected by your clients. You may advise or see me in Court.

The Joyces further alleged that the criminal complaint against Lattanzio was dismissed because Lattanzio succeeded in intimidating and harassing the alleged victim and his girlfriend by filing civil lawsuits against them as well. The alleged victim and his girlfriend agreed not to participate in the criminal action in exchange for Lattanzio's dismissing all of his civil actions against them. The Joyces moved the court for attorney fees incurred in filing the motion and requested that Lattanzio be required to retain an attorney to prosecute the remainder of the action. The Joyces also filed a motion for summary judgment, which was accompanied by affidavits signed by Thomas Joyce, the alleged victim, and his girlfriend.

On November 17, 2008, the trial court's abatement order was lifted. On December 10, 2008, the trial court granted partial summary judgment to the Joyces, allowing

---

**2.** The contents of the above letter were attached as an addendum to Lattanzio's brief. In its December 10, 2008, order, the trial court ruled that this letter shall be filed "under seal." However, the contents of this letter are explicitly set forth in this record via the motion filed by the Joyces seeking sanctions against Lattanzio. The letter and its contents are also referred to in the trial court's order sanctioning Lattanzio. In light of these circumstances, we believe that publication of the letter is necessary to a full understanding of this matter.

only Lattanzio's claims for libel and slander to proceed. The trial court then ordered the Joyces to respond to certain discovery requests of Lattanzio. The Joyces' motion for a protective order regarding all other discovery requests made by Lattanzio was granted. Finally, the trial court took the Joyces' motion for sanctions under advisement. The case was once again ordered to be abated until such time as the trial court determined whether Lattanzio would be permitted to proceed *pro se* in the litigation.

On December 30, 2008, the Joyces filed a response to the discovery requests ordered by the trial court. On January 6, 2009, Lattanzio filed a motion to "reclaim injunction hearing." He also filed a motion to "set by court order" the following: (1) discovery; (2) "dispositive" motions; (3) pretrial conference; and (4) trial.

Thereafter, the Joyces filed a second motion for sanctions due to Lattanzio's violation of the trial court's December 10, 2008, abatement order. Lattanzio then filed two objections to the Joyces' motion for sanctions and a motion to show cause alleging that the Joyces failed to comply with the trial court's December 10, 2008, discovery order.

On February 27, 2009, the trial court entered the order that has been appealed to this Court. In that order, the trial court found that Lattanzio willfully disobeyed its December 10, 2008, abatement order; that Lattanzio's motion to show cause was without merit; and that the Joyces' motions for sanctions were well-founded. Lattanzio was also found to have "acted in a manner inconsistent with the fair and just administration of the Court by threatening [the Joyces and their counsel] with criminal and professional sanctions unless his demand for settlement [was] met." The trial court further stated, "[w]hile the Court can control an attorney

by reporting such attorney to the Kentucky Bar Association for disciplinary action, the only means by which the Court can control [Lattanzio's] litigation activities is to require that his litigation activities be under the responsibility of an attorney." Ultimately, the trial court concluded that Lattanzio had engaged in "vexatious litigation" and that such reckless practice of law was in violation of CR 11. The trial court then ordered Lattanzio to pay the Joyces $350.00 in attorney fees and mandated that any and all further pleadings of Lattanzio must be filed through an attorney.

Lattanzio argues that both of the above sanctions should be set aside. When reviewing a trial court's issuance of CR 11 sanctions, we review the trial court's findings of fact under a clearly erroneous standard, the ultimate determination that a violation occurred under a *de novo* standard, and the "type and/or amount of sanctions" under an abuse of discretion standard. *Clark Equipment Co., Inc. v. Bowman,* 762 S.W.2d 417, 421 (Ky.App. 1988).

Lattanzio's only authority in support of his arguments on appeal is the U.S. Constitution. He argues that he has a constitutional right to self-representation in civil cases. He also argues that his right to liberty protects him from being compelled to contract with an attorney. We are unaware of any U.S. Constitutional decision that declares citizens to have a right to self-representation in civil proceedings. Yet, arguing against such a right is nearly frivolous. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972) (pleadings drafted by *pro se* litigants shall be held to less stringent standards than pleadings drafted by attorneys); *O'Reilly v. New York Times Co.,* 692 F.2d 863, 867 (2nd Cir.1982) (self-representation in civil cases is a right of "high standing"); *see also McBrearty v. Ken-*

*tucky Community and Technical College System,* 262 S.W.3d 205, 210 (Ky.App.2008) (holding that *pro se* litigants must follow the Kentucky Rules of Civil Procedure); *Gall v. Scroggy,* 725 S.W.2d 867, 869 (Ky. App.1987) (encouraging against the *sua sponte* dismissal of complaints, in part, because such a practice is "particularly prejudicial to *pro se* plaintiffs, who are generally unskilled in the art of pleading.") (internal citation and quotations omitted).

■ In light of the historically "high standing" accorded to a party's right to plead and conduct one's own case, we agree that the trial judge abused his discretion in ordering Lattanzio to proceed with his litigation only under the supervision of an attorney. Such an extreme remedy was simply not reasonable, especially in light of the fact that no alternative sanctions were attempted prior to the entry of the trial court's February 27, 2009, order that barred Lattanzio from self-representation.

There were several other mechanisms available for controlling the "vexatious" conduct of Lattanzio. As held in *McBrearty, supra,* the trial court was authorized to enforce the Rules of Civil Procedure. Thus, all the powers of sanctioning accorded under CR 11 and CR 37 were fully available to the trial court in this matter. In addition to the sanctions available under CR 11 and CR 37, the trial court was also authorized under CR 41.02(1) to involuntarily dismiss Lattanzio's claims if use of CR 11 and CR 37 sanctions failed to engender compliance with the Rules of Civil Procedure or further orders of the court. *See Jaroszewski v. Flege,* 297 S.W.3d 24, 36 (Ky.2009) (one of the basic purposes of CR 41.02(1) is to provide a mechanism for sanctioning abuse or misuse of the legal system).

In extreme cases where litigants have insisted on repeatedly abusing the legal process despite warnings from the court that such conduct will result in progressively harsher sanctions, courts have resorted to enjoining litigants from future filings. *See Martin v. District of Columbia Court of Appeals,* 506 U.S. 1, 3, 113 S.Ct. 397, 398, 121 L.Ed.2d 305 (1992); *Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 269 (6th Cir.1998). However, we are unaware of any court that has sanctioned a vexatious party by revoking the party's right to self-representation. Accordingly, we reverse that portion of the trial court's order which bars Lattanzio from filing any further pleadings without the supervision of an attorney.

■ As for the $350.00 in attorneys fees ordered to be paid by Lattanzio, we hereby affirm the trial court. Lattanzio does not challenge the trial court's finding that he violated the court's second abatement order by improperly filing subsequent motions seeking injunctive relief and to advance the case. He also does not challenge the trial court's finding that his motion to show cause was without merit as Lattanzio's discovery requests had been fully answered and filed with the trial court.

Rather, he argues that the December 10, 2008, order was invalid because it was drafted by the Joyces' counsel and sent to the trial court without first being sent to Lattanzio for his review in violation of local rule (LCRP) 50–2(VII). This rule states as follows:

> All attorneys ordered by the Court to prepare an Order shall do so and circulate it to the opposing attorneys within five (5) days. Within three (3) days after receiving said Order, the opposing attorney shall: 1) sign the "Have Seen" certificate and present the Order to the Clerk, or 2) notify the drafting attorney of his or her objection(s) and that the

drafted Order does not conform to the instructions of the Court. If the attorneys cannot promptly agree, the non-drafting attorney shall schedule a hearing before the Court to clarify the Order. The Court may assess attorney's fees if it feels the objection was frivolous, that the drafting attorney has changed the Court Order, or if either attorney has been dilatory.

In its February 27, 2009, order, the trial court found that the local rule was not applicable because Lattanzio was not an attorney. The trial court further found that Lattanzio waited too long to file an objection to the order and that in any event, the order accurately stated the trial court's ruling.

We agree with the trial court that the perceived injustice in Lattanzio's not receiving an advanced copy of the proposed order was not grounds for Lattanzio's improper filings. If Lattanzio wished to challenge the constitutionality of this particular local rule, he should have presented his argument in a timely manner before the circuit court. Lattanzio failed to do so. The objection filed on February 13, 2009, which cited the local rule as grounds for not abiding by the trial court's order, was not sufficient to preserve such a challenge before this Court. Accordingly, we find no reversible error in the trial court's entry of a $350.00 sanction against Lattanzio for tendering filings to the court that were not grounded in fact, not warranted by existing law, or interposed for an improper purpose. CR 11.

Accordingly, the Mercer Circuit Court's February 27, 2009, order imposing sanctions against Lattanzio is affirmed in part and reversed in part.

ALL CONCUR.