RENDERED: APRIL 26, 2018
TO BE PUBLISHED

# Supreme Court of Kentucky

FINAL

2017-SC-000580-MR

DATE 5/17/18 Kim Redmon, DC

MIKI THOMPSON, ADMINISTRATRIX OF
THE ESTATE OF KARA VANCE AND DARBY
JANE VANCE, BY AND THROUGH HER
GUARDIAN MIKI THOMPSON

APPELLANTS

V.

ON APPEAL FROM COURT OF APPEALS
CASE NO. 2017-CA-001118
PIKE CIRCUIT COURT NO. 13-CI-01349

HONORABLE EDDY COLEMAN (JUDGE,
PIKE CIRCUIT COURT)

APPELLEE

AND

TIMOTHY R. LAVENDER, D.O. AND
PIKEVILLE DERMATOLOGY & COSMETIC
CENTER, PSC

REAL PARTIES IN INTEREST

**OPINION OF THE COURT BY CHIEF JUSTICE MINTON**

**AFFIRMING**

The Court of Appeals denied Miki Thompson's petition for a writ prohibiting the trial court from enforcing discovery orders entered for inspection and discovery in a wrongful death and negligence action pending in the Pike Circuit Court. The Court of Appeals declined to issue the writ because Thompson failed to show irreparable injury without the writ or the existence of facts sufficient to justify issuance of a writ under the special-case exception. Accordingly, we affirm the result reached by the Court of Appeals.

## I. FACTUAL AND PROCEDURAL BACKGROUND.

Kara Vance committed suicide by hanging. Miki Thompson, Administratrix of the Estate of Kara Vance, and Darby Jane Vance, by and through her guardian, Miki Thompson, sued Timothy Lavender, D.O., and Pikeville Dermatology and Cosmetic Center, P.S.C., claiming that Lavender's negligent prescribing of the acne medicine, Accutane, caused Vance's suicide.

Thompson resisted Lavender and Pikeville Dermatology's requests for pretrial inspection of Vance's cellphone, computer, and social media account. The trial court entered three separate orders allowing inspection, which provided (1) inspection by a third-party specialist of Lavender and Pikeville Dermatology's choosing, (2) the information subject to inspection would be limited to a time limit of one year before Vance's suicide, and (3) a protective order limiting the use of information gleaned from the inspections. In the writ action that followed, the Court of Appeals declined to issue a writ prohibiting the trial court from enforcing these orders.

## II. ANALYSIS.

A writ is an extraordinary remedy that we apply with great caution. When ruling on a writ petition, we must first determine whether issuance of a writ is an available remedy. Only if a writ is available will we then look to the merits of the petition to review the trial court's decision. The decision to issue a writ is entirely within this Court's discretion.[1] We have recognized two specific situations where this type of relief is appropriate:

---

[1] *Hoskins v. Maricle*, 150 S.W.3d 1, 5 (Ky. 2004) (citations omitted).

2

[U]pon a showing that (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court; or (2) that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if petition is not granted.[2]

As the Court of Appeals noted, Thompson asserted the trial court proceeded erroneously within its jurisdiction. Thompson argues that the trial court's computer-inspection order fails to limit the parameter of topics to be searched, is overbroad with respect to the time period to be inspected and fails to provide an opportunity for review by Thompson's counsel or for Thompson to request an in-camera review of the potentially captured materials before delivery to Lavender and Pikeville Dermatology. Thompson also asserts that that the discovery order for Vance's Facebook account is inappropriate and makes other general objections.

We agree with the Court of Appeals that complying with the trial court's orders will not lead to an irreparable injury for Thompson, so we must decline to exercise our supervisory power to interrupt the trial court's orderly process.[3] Thompson's assertion that our holding in *Wal-Mart Stores, Inc. v. Dickinson* requires the trial judge to specify the relation of the premises to be inspected as it relates to personal property is meritless.[4] We believe the relevancy of the

---

[2] *Id.* at 10.

[3] *National Gypsum Company v. Corns*, 736 S.W.2d 325, 327 (Ky. 1987).

[4] *Wal-Mart Stores, Inc. v. Dickinson*, 29 S.W.3d 796 (Ky. 2000).

requested discovery is self-evident because Thompson has placed Vance's mental state at issue by filing this claim.

## A. The Computer-Inspection Order Is Not Erroneous.

As the Court of Appeals rightly acknowledged, an expedition for the discovery of irrelevant information may lead to a special-cases circumstance.[5] But that is not the case today. Civil Rule 26.02 provides "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action ... It is not ground for objection that the information sought will be inadmissible at trial if the discovery sought appears to be reasonably calculated to lead to the discovery of admissible evidence."[6] And we construe discovery rules liberally.[7]

We find no reason to prohibit the inspection of Vance's computer. Thompson has not asserted that the computer contains any privileged information. And coroner's testimony indicated that the way Vance killed herself suggested advanced understanding and planning. It is not unreasonable to believe that Vance may have used her computer or phone to research the suicide method. We note that the trial court provided sufficient protective orders to protect against malicious use or dissemination of information captured. Accordingly, we find no error.

---

[5] *Grange Mut. Ins. Co. v. Trude*, 151 S.W.3d 803, 811 (Ky. 2004).

[6] Kentucky Civil Rule 26.02.

[7] *See Primm v. Issac* 127 S.W.3d 630 (Ky. 2004).

4

## B. A One-Year Time Period to Capture or Search is Not Overbroad.

Thompson asserts that the period of discovery for one-year prior to Vance's suicide is overbroad. Thompson makes this argument citing no case law and does so in one paragraph. Thompson would have this Court limit the discovery to the 39 days of medical treatment, but for us to do so would circumvent the full and open discovery process that our rules allow. The record suggests that Vance had unstable personal relationships and mental health concerns before being prescribed Accutane. Limiting discovery to 39 days of medical treatment would be improper. The trial court's decision to allow discovery for one year before Vance's suicide was not improper.

## C. Thompson is not Entitled to Review Captured Information Before Producing it to Lavender and Pikeville Dermatology.

The trial court order requires simultaneous sharing of information discovered via inspection of the computer, cell phone, and social media account. Thompson argues that she should be able to screen the information and create an objection long before the information is shared with Lavender and Pikeville Dermatology. But Thompson cites no case law or civil rule that would require the procedure she requests. And we are not aware of any civil rules or case law to support her assertion. As the Court of Appeals noted, Thompson has been in possession of these materials since before the beginning of litigation and has had ample opportunity to do her own inspection. We find no error in the trial court's order.

5

## D. The Trial Court's Social Media Order does not Satisfy the Requirements for a Writ.

Thompson argues that the trial court's order granting Lavender and Pikeville Dermatology broad authority to review Vance's social media accounts satisfies the requirements for the issuance of a writ. We disagree.

As the Court of Appeals noted, Thompson makes no claim of privilege to Vance's social media accounts. The argument appears to be that most of the information obtained will simply be irrelevant. Even if Thompson is ultimately correct, this does not warrant the issuance of a writ.

As discussed earlier, Kentucky Rule of Civil Procedure (CR) 26.02 is a rule that is to be read liberally. To ensure a fair trial, one of the tenets of our current civil-justice system is that both parties must have access to evidence or information leading to evidence, allowing a full case to be brought to trial. The discovery order provides appropriate restraint as it pertains to irrelevant information. Not only did the trial court limit the discovery period to one year but also provided a protective order, ensuring all information is properly guarded. The protective order requires all information obtained be treated as "strictly confidential" and lists eleven separate restrictions on how the information collected may be used. In accordance with prior cases, we are confident that the trial court's protective order will sufficiently prevent any inappropriate use of irrelevant information obtained.[8]

---

[8] *See Edwards v. Hickman*, 237 S.W.3d 183 (Ky. 2007).

6

## III.    CONCLUSION.

We find that the trial court committed no error in its discovery orders.

Further, after assessing the string of "general objections" by Thompson, we find

that they are without merit. We affirm the Court of Appeals' denial of the writ.

All sitting. All concur.


COUNSEL FOR APPELLANTS:

Herman Michael Lucas
Carter & Lucas


Honorable Eddy Coleman, Judge
Pike Circuit Court

COUNSEL FOR REAL PARTIES IN INTEREST: TIMOTHY R. LAVENDER, D.O.
AND PIKEVILLE DERMATOLOGY & COSMETIC CENTER:

Clayton Lee Robinson
Nicholas Edwards
Robinson & Havens, PSC