RENDERED: AUGUST 18, 2022
TO BE PUBLISHED

# Supreme Court of Kentucky

2021-SC-0425-MR

DONALD RAY VIOLETT                                         APPELLANT

|  | ON APPEAL FROM COURT OF APPEALS |
|---|---|
|  | NO. 2021-CA-0575 |
| V. | WARREN CIRCUIT COURT |
|  | NOS. 92-CR-00532 & 92-CR-00626 |

HONORABLE JOHN R. GRISE, JUDGE,                      APPELLEE
WARREN CIRCUIT COURT

AND

COMMONWEALTH OF KENTUCKY             REAL PARTY IN INTEREST

**OPINION OF THE COURT BY JUSTICE VANMETER**

**<u>AFFIRMING</u>**

Donald Ray Violett appeals the judgment of the Court of Appeals denying his motion for a writ of mandamus against the Warren Circuit Court. While we affirm the dismissal by the Court of Appeals, albeit on different grounds, we are constrained to address the practice of summary dismissal of pleadings. We understand the frustration of our lower courts in addressing what superficially appear to be frivolous arguments, but the summary dismissal of such pleadings is to be approached and applied with caution. That noted, we affirm the Court of Appeals' dismissal of Violett's appeal.

## I.   Background.

In 1993, Violett was convicted of 141 counts of first-degree sexual abuse and five counts of first-degree rape. On direct appeal, this Court affirmed the convictions and his sentence of 754 years. *Violett v. Commonwealth*, 907 S.W.3d 773 (Ky. 1995). In the three decades following his convictions, Violett has filed more than eighty-four appeals and original actions in an attempt to relitigate his convictions.[1] In addition, Violett appears to have engaged in extensive litigation in the federal court system as well. *Violett v. Pearson*, No. 97-6142, 1998 U.S. App. LEXIS 13651, 1998 WL 381640 (6th Cir. June 23, 1998); *Violett v. Cohron*, No. 1:15-CV-P142-GNS, 2016 WL 2904952 (W.D. Ky. May 18, 2016).

Violett had become so prolific, and imposed such a strain on judicial resources, that in 2016 a panel of the Kentucky Court of Appeals finally sanctioned Violett, directing the Clerk of the Court of Appeals to convene a three-judge panel to review whether all actions filed by Violett (original or appeals) are frivolous and must be summarily dismissed. *Violett v. Grise*, 2015-CA-0670-MR (Ky. App. Sep. 21, 2016).

The current matter arises from Violett's pro se "Notice to Submit Documents to Support Motion for New Trial" filed in the trial court. On

---

[1] According to our internal Appellate Case Management System, a search for "Donald Ray Violett" discloses eighty-four discrete case numbers for Violett in the Court of Appeals and thirty in the Supreme Court.

September 21, 2020,[2] the trial court entered an order denying the submission, stating that "[n]o new trial motion is pending before this Court, nor will one be accepted because this issue has been litigated for decades, and relief denied to the defendant (see prior orders)." The court further ordered "that the Clerk shall not accept these documents or pleadings, or any future ones, without a specific order of the Court and shall return same to the defendant."

Violett then filed a petition for a writ of mandamus in the Court of Appeals, requesting the following:

> [Violett] seeks for this Honorable Court to issue a Writ of Mandamus against the Respondents – John R. Grise – Warren Circuit Court – to show cause why John R. Grise refuses to conduct an evidentiary hearing on [Violett's] CR[3] 60.02 Motion[4] for a New Trial or grant [Violett] a new trial as the new evidence clearly establishes the police officer withheld exculpatory evidence that would have exonerated [Violett], and, the police officer fabricate testimony to allegations the alleged victim never claimed.

Relying on its 2016 sanction order, the Court of Appeals dismissed Violett's petition as frivolous. Its Order provided:

> On June 9, 2021, [Violett] filed a petition for writ of mandamus and prohibition.
>
> By order entered on September 21, 2016, in 2015-CA-000670, this Court imposed a special sanction upon Donald Ray Violett. That sanction provided as follows:
>
> > If Mr. Violett files an appeal in circuit court, to the Court of Appeals, or if Mr. Violett files an original action in the Court of Appeals, the Clerk of the Court of Appeals is directed to present the documents to a three-judge panel for review of

---

[2] As a matter of clarification, Judge Grise signed the Order on September 17, and it was entered by the Clerk on September 21.

[3] Kentucky Rules of Civil Procedure.

[4] The record before us does not contain Violett's self-described CR 60.02 Motion for a New Trial, but we will accept his representation that he filed one.

3

whether the matter is frivolous and should be summarily dismissed.

This Court having reviewed this matter, finds it lacks any merit.

Therefore, this Court ORDERS that the above-styled original action be, and it is hereby, DISMISSED AS FRIVOLOUS.

Violett now appeals to this Court.

## II.    Analysis.

Normally, our review of writ petitions is governed by the oft-cited standards set out in *Hoskins v. Maricle*, 150 S.W.3d 1, 5 (Ky. 2004).  In *Hoskins*, we noted that writs are extraordinary remedies, which interfere with "both the orderly, even if erroneous, proceedings of a trial court and the efficient dispatch of our appellate duties[.]"  "The decision to issue a writ is entirely within this Court's discretion" which we apply with "great caution." *Thompson v. Coleman*, 544 S.W.3d 635, 637 (Ky. 2018).  Our standard for granting writs is well established, and requires petitioners to demonstrate that:

> 1) the lower court is proceeding or is about to proceed *outside its jurisdiction* and there is no adequate remedy by appeal, or 2) the lower court is about to act incorrectly, although within its jurisdiction, *and there exists* no adequate remedy by appeal or otherwise and great injustice and irreparable injury would result.

*Stars Interactive Holdings (IOM) Ltd. v. Wingate*, 594 S.W.3d 181, 185 (Ky. 2020) (quoting *Hoskins,* 150 S.W.3d at 6)).

In this case, Violett requested the Court of Appeals to reverse the trial court's denial of his CR 60.02 motion for a new trial.  To do so, on May 18, 2021, he filed a Petition for a Writ of Mandamus.  As argued by the Commonwealth, however, the trial court's September 2020 order was final and

4

appealable. *See Brumley v. Lewis*, 340 S.W.2d 599, 600 (Ky. 1960) (stating that "the final and appealable character of an order should be tested on the basis of whether the order grants or denies the ultimate relief sought in the action or requires further steps to be taken in order that the parties' rights may be finally determined[]") (internal quotation omitted). Violett argues that the trial court incorrectly determined that no new trial motion was pending. Irrespective of that finding, the trial court also stated that "this issue has been litigated for decades, and relief denied to the defendant (see prior orders)[,]" indicating that the trial court was denying Violett's motion for a new trial based on the record available to the court.

Our case law recognizes that an order denying a motion for a new trial under CR 60.02 is final and appealable. *Hackney v. Hackney*, 327 S.W.2d 570, 571–72 (Ky. 1959); *Hardin v. Waddell*, 316 S.W.2d 367 (Ky. 1958). From these cases, we come to the irrefutable conclusion that following the entry of the trial court's September 21, 2020, Order, Violett was required to file his appeal within thirty days, CR 73.02(1)(a), *i.e.*, on or before October 21, 2020. Because he failed to do so, automatic dismissal is the prescribed sanction. *Id.*; *see also Excel Energy, Inc. v. Commonwealth Inst. Sec., Inc.*, 37 S.W.3d 713, 716 (Ky. 2000). The Court of Appeals thus properly dismissed his appeal.

### III.    Summary Dismissal of "Frivolous" Pleadings.

As noted, both the Warren Circuit Court and the Court of Appeals have placed Violett under orders prohibiting his filing further motions, actions or appeals with respect to his 1993 convictions. As we understand these

5

sanctions, in each instance, judges are reviewing the pleadings prior to their being formally filed in the record, such that any opposing parties are not required to appear and/or respond, and making a determination whether the pleadings are frivolous.

Our concern is that too cursory a review process could serve to deprive a litigant meaningful access to the courts and to his right to appeal. *See* Ky. Const. § 14 (stating "[a]ll courts shall be open, and every person for an injury done him in his lands, goods, person or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial or delay[]").[5] The right of access to the courts is fundamental to our system of justice. Our recent cases have recognized the importance of access to the courts. *See Commonwealth v. Claycomb ex rel. Claycomb*, 566 S.W.3d 202, 210 (Ky. 2018) (holding that "Section 14 protects the right of every individual in society to access a system of justice to redress wrongs, and such protection is basic and fundamental to our common law heritage[]") (internal quotations omitted); *Collins v. Combs*, 320 S.W.3d 669 (Ky. 2010) (affirming order prohibiting litigant from physically entering certain courts because of his threatening behavior in the past, but noting that the order did not impede his ability to file pleadings with the court because the clerk was directed to accept pleadings by mail, fax, or email); *Lattanzio v. Joyce,* 308 S.W.3d 723, 726–27 (Ky. App. 2010) (reversing trial court's order that litigant could only proceed

---

[5] This provision has appeared in each of Kentucky's Constitutions. Ky. Const. of 1850, art. XIII, § 15; Ky. Const. of 1799, art. X, § 13; Ky. Const. of 1792, art. XII, § 13.

under supervision of a licensed attorney and recognizing importance of right to represent oneself in court).

As noted by Justice Mary Noble, "[b]ecause of the fundamental nature of the right of access to the courts, restrictions on a litigant's ability to file motions must be approached with great caution." *Lee v. George*, 369 S.W.3d 29, 37 (Ky. 2012) (Noble, J., concurring). In *George*, the issue concerned a trial court's requirement that a litigant post a $7,500 cash bond as precondition of future filings. The majority held that Lee, the appellant, had apparently dropped his argument concerning the bond, with the result being that the trial court's bond order remained in effect, as determined by the Court of Appeals. 369 S.W.3d at 35-36. As explained by Justice Noble, however,

> The type of bond issued in this case is wholly *prospective*. The trial court is pre-judging [Lee's] future motions and determining that they will likely be frivolous or repetitive. However, there is a real possibility that prospective restrictions will foreclose meritorious motions. *See In re McDonald*, 489 U.S. 180, at 187–88, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989) (Brennan, J., dissenting) (dissenting from order prohibiting litigant from filing any more petitions *in forma pauperis* and noting the possibility that such a restriction could close the Court's doors to a litigant with a meritorious claim); *In re Sindram*, 498 U.S. 177, 182, 111 S.Ct. 596, 112 L.Ed.2d 599 (1991) (Marshall, J., dissenting) (dissenting from a similar order and discouraging the Court from "presum[ing] in advance that prolific indigent litigants will never bring a meritorious claim").
>
> . . .
>
> But it is important to note that the trial court has the ability to respond to any abuses and to protect the court's resources by using other sanctions under CR 11 and the court's contempt powers.[6] For example, the trial court could find that by filing a

---

[6] Due to Violett's age, indigency and long sentence, financial sanctions under CR 11 or 72.04 are likely to have little effect on his litigious nature. We express no opinion as to the effectiveness of a contempt of court sanction in the event Violett becomes eligible for parole.

new frivolous or repetitious motion, [Lee] violated CR 11, and the court could impose a monetary fine and hold [Lee] in contempt if he did not pay it.

It may seem easier and cleaner to prevent [Lee] from filing any more motions unless a bond is posted. But the right of litigants to present claims to a court, and the danger of foreclosing a meritorious claim must always be considered. The trial courts are well equipped to deal with frivolous filings without the use of a prospective bond requirement. In this case, for example, it appears that the large majority of [Lee's] motions were meritless and could be denied outright by the court. Such motions will not take up much of the court's resources.

*Id.* at 38.

In so noting, we do not retreat from the holding of *Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983) that

The structure provided in Kentucky for attacking the final judgment of a trial court in a criminal case is not haphazard and overlapping, but is organized and complete. That structure is set out in the rules related to direct appeals, in RCr 11.42, and *thereafter* in CR 60.02. CR 60.02 is not intended merely as an additional opportunity to raise *Boykin* defenses. It is for relief that is not available by direct appeal and not available under RCr 11.42. The movant must demonstrate why he is entitled to this special, extraordinary relief. Before the movant is entitled to an evidentiary hearing, he must affirmatively allege facts which, if true, justify vacating the judgment and further allege special circumstances that justify CR 60.02 relief.

We agree that the trial court and the Court of Appeals properly imposed sanctions on Violett for his long history of frivolous and vexatious appeals, and exempted other affected parties from responding. Based on our concerns noted above, however, we direct the lower courts to permit the filing of the pleadings in the record, even without responsive pleadings, so that any further review as may be undertaken is based on as complete a record as possible. In short, the

8

courts shall review a pleading and may, if appropriate, relieve the opposing party from any duty to respond.

## IV. Conclusion.

For the foregoing reasons, we affirm the Court of Appeals' Order dismissing Violett's appeal.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Donald Ray Violett, Pro se

APPELLEE:

Hon. John R. Grise

COUNSEL FOR REAL PARTY IN INTERST:

Daniel J. Cameron
Attorney General of Kentucky

Christopher Henry
Assistant Attorney General