## ANTONELLI v. CARIDINE ET AL.

No. 98–9933.  Decided October 12, 1999*

PER CURIAM.

*Pro se* petitioner Antonelli seeks leave to proceed *in forma pauperis* under Rule 39 of this Court.   We deny these requests as frivolous pursuant to Rule 39.8.   Antonelli is allowed until November 2, 1999, within which to pay the docketing fees required by Rule 38 and to submit his petitions in compliance with this Court's Rule 33.1.   We also direct the Clerk not to accept any further petitions for certiorari or petitions for extraordinary writs from Antonelli in noncriminal matters unless he first pays the docketing fee required by Rule 38 and submits his petitions in compliance with Rule 33.1.

Antonelli has abused this Court's certiorari and extraordinary writ processes.   On June 21, 1993, and November 29, 1993, we invoked Rule 39.8 to deny Antonelli *in forma pauperis* status with respect to two petitions for certiorari. See *Antonelli* v. *Illinois,* 509 U. S. 902, *Antonelli* v. *O'Malley,* 510 U. S. 988.   Prior to the two Rule 39.8 denials, Antonelli had filed 34 petitions for certiorari and 2 petitions for extraordinary writs, all of which were both frivolous and had been denied without recorded dissent.   Since the two Rule

---

*Together with No. 99–5445, *Antonelli* v. *United States,* also on motion for leave to proceed *in forma pauperis.*

39.8 denials, Antonelli has filed 17 petitions for certiorari, all of which were also frivolous and denied without recorded dissent. The instant 2 petitions for certiorari thus bring Antonelli's total number of frivolous filings to 57.

We enter the order barring prospective filings for the reasons discussed in *Martin* v. *District of Columbia Court of Appeals*, 506 U. S. 1 (1992) *(per curiam)*. Antonelli's abuse of the writ of certiorari and of the extraordinary writs has been in noncriminal cases, and we limit our sanction accordingly. The order therefore will not prevent Antonelli from petitioning to challenge criminal sanctions which might be imposed on him. The order will, however, allow this Court to devote its limited resources to the claims of petitioners who have not abused our processes.

*It is so ordered.*

JUSTICE STEVENS, dissenting.

For reasons previously stated, see *Martin* v. *District of Columbia Court of Appeals*, 506 U. S. 1, 4 (1992) (STEVENS, J., dissenting), and cases cited, I respectfully dissent.