J-S44044-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PEDRO FIGUEROA, | : | |
| | : | |
| Appellant | : | No. 2666 EDA 2017 |

Appeal from the PCRA Order July 27, 2017
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0001431-2014

BEFORE: LAZARUS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED AUGUST 21, 2018**

Pedro Figueroa ("Figueroa") appeals from the Order denying his Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

On January 19, 2014, Figueroa was arrested and charged with possession of a controlled substance, and possession with intent to deliver a controlled substance ("PWID").[2] Joseph Coleman, Esquire ("Attorney Coleman"), of the Defender Association of Philadelphia, represented Figueroa. The charges resulted from a police officer's controlled purchase of two packets of heroin and two packets of cocaine from Figueroa. Figueroa filed a pre-trial suppression Motion, which the trial court denied. Following a bench trial, the trial court acquitted Figueroa of PWID, but found him guilty of possession of a

_____

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

[2] *See* 35 P.S. § 780-113(a)(16), (30).

controlled substance. The trial court sentenced Figueroa to 9-23 months in prison, with immediate parole after serving nine months, followed by one year of reporting probation. Figueroa filed no direct appeal from his judgment of sentence.

Figueroa filed a *pro se* PCRA Petition on May 17, 2016. Counsel was appointed, who filed an Amended PCRA Petition alleging ineffective assistance of trial counsel. After an evidentiary hearing, the PCRA court denied Figueroa's PCRA Petition. Subsequently, Figueroa filed the instant timely appeal.

Figueroa presents the following issue for our review:

Is [Figueroa] entitled to reinstatement of his appeal rights *nunc pro tunc* from the judgment of sentence because [Attorney Coleman] was ineffective when [he] failed to discuss with [Figueroa] the advantages and disadvantages of appealing the judgment of sentence[,] when there was a non-frivolous appealable issue that was raised in the trial court[,] which was the legality and constitutionality of [Figueroa's] arrest?

Brief for Appellant at 2.

Figueroa first claims that the PCRA court improperly denied reinstating his direct appeal rights. *Id.* at 6. According to Figueroa, Attorney Coleman rendered ineffective assistance by not discussing with him an appeal issue regarding the denial of his suppression Motion. *Id.* Specifically, Figueroa argues that the suppression issue "was non-frivolous[,] and even the trial court thought the police officer was mistaken because no buy money or heroin was found on [Figueroa] at the time of the arrest." *Id.* Figueroa asserts that

the issue was preserved before trial; if Attorney Coleman had discussed the issue after trial, he would have directed counsel to file a direct appeal; and counsel's inaction caused him to lose his right to challenge the legality and constitutionality of his arrest on appeal. *Id.*

In its Opinion, the PCRA court set forth the appropriate law, addressed Figueroa's claim, and concluded that it lacks merit. *See* Trial Court Opinion, 11/28/17, at 2-3 (setting forth the facts underlying Figueroa's claim), 3-4 (addressing Figueroa's claim of ineffective assistance of counsel). We agree with the sound reasoning of the trial court, as set forth in its Opinion, and affirm on this basis regarding Figueroa's claim. *See id.*

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/21/18

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION – CRIMINAL

COMMONWEALTH OF PENNSYLVANIA    :

    :     CP-51-CR-0001431-2014

v.    :

    :     2666 EDA 2017

    :

PEDRO FIGUEROA    :

CP-51-CR-0001431-2014 Comm. v. Figueroa, Pedro
Opinion

8034399921

OPINION

This appeal arises from an order this Court entered on July 25, 2017, dismissing Pedro Figueroa's petition for relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), alleging ineffective assistance of counsel. The Court committed no error in dismissing Mr. Figueroa's petition, and respectfully requests that the Superior Court affirm its decision for the reasons set forth below.

FACTS

**Procedural History**

On January 28, 2015, this Court denied Mr. Figueroa's motion to suppress evidence and found him guilty at a waiver trial of intentional possession of a controlled substance. The Court acquitted Mr. Figueroa of a felony charge of possession with intent to deliver. The Court sentenced Mr. Figueroa to 9-23 months in prison with immediate parole after serving nine months and one year of reporting probation. *See* Docket entry January 28, 2015. Mr. Figueroa was represented by Joseph Coleman, an assistant defender at the Defender Association of Philadelphia. Notes of Testimony 7/25/2017 ("N.T.") at 15:6-12. Mr. Figueroa filed a *pro se* PCRA petition on May 17, 2016. Mr. Figueroa's appointed PCRA counsel, John P. Cotter, amended the petition on November 15, 2016 and November 22, 2016, alleging ineffective

assistance of counsel. Docket entries dated May 17, 2016, November 1, 2016, November 22, 2016. The Court dismissed Mr. Figueroa's PCRA petition after a hearing on July 25, 2017. *See* Order dated July 25, 2017.

**Factual History**

Mr. Figueroa testified at his PCRA hearing that after the verdict he told Mr. Coleman that he wanted to appeal the verdict, but that Mr. Coleman advised him against it because he could be retried for possession with intent to deliver. N.T. at 16:24-17:9; 32:3-11. Mr. Figueroa testified that, as a result of that alleged advice, he decided not file a timely appeal within 30 days of his conviction. *Id.* at 17:19-21.

In contrast, Mr. Coleman testified that this conversation never happened, that he was well aware that a defendant cannot be retried on a charge on which he had been found not guilty, and that he would never tell a client otherwise. *Id.* at 41:13-23. Mr. Coleman testified that he served as a public defender for three years and that it was his standard practice to advise his clients of their appellate rights immediately after a conviction and to inquire whether they wish to appeal. *Id.* at 36:15-16; 41:8-12. In this case, after Mr. Figueroa's conviction, Mr. Coleman advised him on the record of his right to appeal within 30 days and never heard from him regarding any interest in appealing the conviction. Notes of Testimony 1/28/15 at 94:14-18; N.T. at 43:10-20.

Mr. Figueroa testified that he later learned in the prison law library that he could not be retried for a crime for which he had been acquitted. This led him to file a motion to appeal his conviction *nunc pro tunc*. *Id.* at 18:2-5. At his PCRA hearing, Mr. Figueroa admitted that he included false information in his motion to appeal *nunc pro tunc* hoping, as a result, "the process would be faster." *Id.* at 24:12-17; 25:6-15. Mr. Figueroa testified that although he wrote in his motion that he sent Mr. Coleman a letter requesting an appeal 20 days after his sentencing, in

2

reality he never contacted Mr. Coleman and never asked Mr. Coleman in writing to appeal his conviction. *Id.* at 25:6-15; Commonwealth's Ex. ("C")-1.

The Court observed the demeanor of both Mr. Figueroa and Mr. Coleman, and considered Mr. Figueroa's admission that he lied in his *nunc pro tunc* motion. The Court found Mr. Coleman's testimony credible and Mr. Figueroa's testimony incredible.

## DISCUSSION

### A. Standard of Review

When reviewing the trial court's denial of a petition for relief under the PCRA, the Superior Court is limited to determining whether the record supports the trial court's findings and whether the trial court's order is otherwise free of legal error. *Com. v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001). A reviewing court must grant deference to the credibility findings of the PCRA court, and is bound by these determinations, if the record contains support for them. *Com. v. Abu-Jamal*, 720 A.2d 79, 93 (Pa. 1998). The PCRA court's legal conclusions are reviewed *de novo* on appeal. *Com. v. Chmiel*, 30 A.3d 1111, 1127 (Pa. 2011).

### B. The Court Did Not Err in Denying Mr. Figueroa PCRA Relief

The PCRA provides relief to convicted criminals whose sentences result from the ineffective assistance of counsel that so "undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii) (1998) (codification of Pennsylvania PCRA). Under Pennsylvania law, counsel is presumed to be effective. *Com. v. Rollins*, 738 A.2d 435, 441 (Pa. 1999). Counsel's failure to perfect a direct appeal requested by a client constitutes ineffective assistance of counsel for which relief can be obtained under the PCRA. *Com. v. Lantzy*, 736 A.2d 564, 570 (Pa. 1999). However, "a defendant who explicitly tells his attorney not to file an appeal plainly cannot later complain that, by

3

following those instructions, his counsel performed deficiently". *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). If counsel has consulted with the defendant regarding an appeal, counsel is only deficient if he fails to file an appeal requested by the client. *Id.* at 478.

Mr. Coleman was not ineffective in his representation of Mr. Figueroa. Mr. Coleman never counseled Mr. Figueroa that he could be retried on the charge of possession with intent to distribute for which he was previously acquitted. *Id.* at 41:13-23. Instead, Mr. Figueroa never contacted Mr. Coleman to appeal his conviction, and then lied about his counsel's performance, alleging that Mr. Coleman failed to file a requested appeal on his behalf. *Id.* at 24:12-17; 25:6-15; 31:15-23; 33:10-20; 35:3-6; C-1; C-2.

Mr. Coleman counseled Mr. Figueroa regarding his appellate rights in open court, and Mr. Figueroa never instructed Mr. Coleman to file an appeal on his behalf. *Id.* at 43:10-20. Mr. Coleman acted in accordance with his responsibility as counsel and cannot be found deficient for not filing an appeal that he was not instructed to file.

CONCLUSION

For the foregoing reasons, this Court respectfully requests that the Superior Court affirm its decision in this matter.

_Asa F. B_____
                        J.

November 27, 2017

4