Filed 4/16/21  P. v. Jones CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>DWAYNE MAURICE JONES,<br><br>　　　Defendant and Appellant. | B301935<br><br>(Los Angeles County<br>Super. Ct. No. NA111425) |

　　　APPEAL from a judgment of the Superior Court of Los Angeles County, Laura L. Laesecke, Judge.  Affirmed.

　　　Michele A. Douglass, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　No appearance by Plaintiff and Respondent.

_____

Dwayne Maurice Jones was convicted following a jury trial of two counts of aggravated assault and several other felony and misdemeanor charges and sentenced to an aggregate state prison term of eight years four months.  No arguable issues have been identified following review of the record by Jones's appointed appellate counsel or our own independent review.  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

After being found mentally competent to stand trial, Jones was charged by information with assault by means of force likely to cause great bodily injury and personally inflicting great bodily injury (Pen. Code, §§ 245, subd. (a)(4), 12022.7, subd. (a);[1] count 1), two counts of vandalism causing damage of more than $400 (§ 594; counts 2 and 3), misdemeanor false imprisonment (§ 236; count 4), assault with a deadly weapon (a chair) (§ 245, subd. (a)(1); count 5), and misdemeanor battery (§ 242; count 6).  All of the charged offenses took place at a housing complex for veterans in Long Beach.

Count 1:  According to the evidence at trial, as Charles Hill came in the gate at the housing complex on the evening of November 22, 2018, he was hit on the back of his head and pushed to the ground, which caused him to break his ankle.  Hill turned his head and saw Jones.  Hill's injury required surgery.  Testifying in his own defense, Jones denied he had hit, kicked or pushed Hill.

Counts 3 and 4:  In the evening of December 9, 2018 Ronisha Belgrove was returning to her home at the housing complex when Jones began to follow her and then blocked her path.  Belgrove returned to the car of the friend who had brought

---

[1]     Statutory references are to this code.

her home; Jones followed her. Belgrove got inside the car and phoned the police. As the friend started to drive them away, Jones kicked the car, causing a dent. The driver's insurance paid for the repair except for a $500 deductible. Jones denied this incident had taken place.

Count 5: On December 21, 2018 Jones tried to attend a dinner that was limited to veterans who were participating in certain programs. He was refused entrance by Oliver Haddad, who was sitting at a table in the cafeteria, checking in guests. Jones left but returned moments later. When Haddad again refused to let Jones in, Jones slammed his hands on the table, said "Fuck you," and flipped the table onto Haddad's chest. After both men went outside, Jones picked up a lawn chair and threw it toward Haddad. It was stipulated that Haddad told police officers Jones had thrown the chair toward the building and it landed 10 feet away from him. Jones testified it was his understanding he was eligible for dinner because he had a meal ticket. He was angry when Haddad refused to admit him, and the two men argued. Jones denied flipping the table and explained he had thrown the chair out of his way when he was leaving; he did not throw it at Haddad.

Count 6: On February 21, 2019 Jontez Bridges, a maintenance employee at the complex, greeted Jones. Jones asked her for a hug. She refused. Jones tried to hug her and grabbed for her jacket when she pulled away from him. Jones testified he and Bridges were friendly and he had asked for a hug without malice or sexual intent. He had no indication she was uncomfortable during their exchange.

Count 2: On March 6, 2019 Jones was told he was being evicted because of behavior issues. Confronted by two sheriff's

3

deputies and several housing complex employees, Jones ran to the social hall and used a chair to smash eight television monitors.  The vandalism was recorded by the complex's security cameras.  When installed several years earlier, each television cost $3,395.  Jones acknowledged he became upset when he was told he was being evicted and threw chairs at the televisions in the social hall.

The jury found Jones not guilty of assault with a deadly weapon (count 5) and guilty on all other charges.  It found true the allegation he had inflicted great bodily injury on Hill.

At sentencing the court imposed an aggregate state prison term of eight years four months:  the upper term of four years for assault by means of force likely to cause great bodily injury, plus three years for the great bodily injury enhancement, and consecutive terms of eight months (one-third the middle term) for each of the two vandalism counts.  The court imposed concurrent terms of one year for false imprisonment and six months for battery.  Jones was awarded 217 days of custody credit.

Jones filed a notice of appeal on October 22, 2019.

## DISCUSSION

We appointed counsel to represent Jones on appeal.  After reviewing the record, counsel filed a brief raising no issues.  On February 2, 2021 counsel wrote Jones and advised him he had 30 days within which to submit any contentions or issues he wished the court to consider.  We sent a similar notice to Jones on February 5, 2021.  We have received no response.

We have examined the record and are satisfied appellate counsel for Jones has complied with counsel's responsibilities and there are no arguable issues.  (*Smith v. Robbins* (2000) 528 U.S.

4

259, 277-284; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The judgment is affirmed.


                                        PERLUSS, P. J.

We concur:



SEGAL, J.



FEUER, J.