**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-3242
_____

UNITED STATES OF AMERICA

v.

FITZGERALD DALIOT-RIOS,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 5:19-cr-00152-004)
U.S. District Judge: Honorable Juan R. Sanchez
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 30, 2025
_____

Before: SHWARTZ, MATEY, and SCIRICA, Circuit Judges.

(Filed:  November 20, 2025)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

SHWARTZ, Circuit Judge.

Fitzgerald Daliot-Rios appeals his conviction, and his counsel has filed a motion to withdraw under Anders v. California, 386 U.S. 738 (1967). Because there are no nonfrivolous issues warranting relief, we will grant his counsel's motion and affirm.

I

Daliot-Rios was a member of a drug-trafficking organization in Reading, Pennsylvania, that distributed methamphetamine, heroin, cocaine, and crack cocaine. A grand jury returned an indictment charging him with multiple drug, firearms, and violent crimes.[1] Daliot-Rios pleaded guilty to all but one of the indictment's counts pursuant to a plea agreement. As part of the agreement, Daliot-Rios waived his right to appeal his

---

[1] Specifically, the indictment charged Daliot-Rios with (1) conspiracy to distribute 100 grams or more of heroin, 500 grams or more of cocaine, and a mixture and substance containing a detectable amount of cocaine base ("crack cocaine") in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B)-(C) ("Count 1"); (2) conspiracy to commit kidnapping in violation of 18 U.S.C. § 1201(c) ("Count 2"); (3) kidnapping in violation of 18 U.S.C. §§ 1201(a), and 18 U.S.C. § 2 ("Count 3"); (4) using, carrying, brandishing, and discharging a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A)(i)-(iii), and 18 U.S.C. § 2 ("Count 4"); (5) murder in the course of using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. §§ 924(j)(1), and 18 U.S.C. § 2 ("Count 5"); (6) using, carrying, brandishing, and discharging a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A)(i)-(iii), and 18 U.S.C. § 2 ("Count 10"); (7) conspiracy to commit kidnapping in violation of 18 U.S.C. § 1201(c) ("Count 13"); (8) distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2 ("Count 15"); (9) possession with intent to distribute heroin and fentanyl in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2 ("Count 17"); (10) possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. §§ 924(c)(1)(A) and (2) ("Count 18"); and (11) using and maintaining a drug-involved premises in violation of 21 U.S.C. § 856(a)(1), and 18 U.S.C. § 2 ("Count 19"). Daliot-Rios pleaded guilty to all but Count 3, which the Government dismissed.

2

conviction and sentence unless (1) the Government appealed, (2) his sentence exceeded the statutory maximum, (3) the District Court upwardly departed or varied from the advisory Sentencing Guidelines range, or (4) he claimed ineffective assistance of counsel. During the plea proceeding, the District Court reviewed the appellate waiver with Daliot-Rios and concluded he understood it.

At sentencing, the District Court determined that Daliot-Rios's total offense level was forty-one and his criminal history category was I, resulting in an advisory Guidelines range of 504 to 585 months' imprisonment.[2] No variances or departures were sought or granted. The Court sentenced Daliot-Rios to 585 months' imprisonment followed by five years' supervised release. In imposing this sentence, the Court discussed the factors set forth in 18 U.S.C. § 3553(a) and concluded that the sentence imposed reflected the "extraordinarily serious" nature and circumstances of the offenses, App. 176, as well as Daliot-Rios's history and characteristics, his significant role in the drug-trafficking organization, and the need to "deter [Daliot-Rios] from committing further . . . crimes in the future, as well as deter others, and protect the community while at the same time providing him an opportunity for rehabilitation," App. 167. The parties informed the Court "there ha[d] been sufficient discussion" of the § 3553 factors on the record. App. 183-84. After imposing the sentence, the Court confirmed that Daliot-Rios understood his limited appellate rights.

---

[2] The District Court did not separately sentence Daliot-Rios on Counts 4 and 5 because they merged for sentencing purposes.

Daliot-Rios appeals and his counsel moves to withdraw under <u>Anders</u>.[3]

## II[4]

Our local rules allow a criminal defendant's appellate counsel to file a motion to withdraw and an accompanying brief under <u>Anders</u> when he concludes, upon review of the record, that "the appeal presents no issue of even arguable merit." 3d Cir. L.A.R. 109.2(a). When counsel submits an <u>Anders</u> brief, we must determine: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." <u>United States v. Youla</u>, 241 F.3d 296, 300 (3d Cir. 2001); <u>see also</u> <u>United States v. Brookins</u>, 132 F.4th 659, 665-66 (3d Cir. 2025).[5]

### A

To determine whether counsel has fulfilled his <u>Anders</u> obligations, we examine his brief to see if it (1) shows that he thoroughly examined the record in search of appealable issues and identified those that arguably support the appeal, <u>Smith v. Robbins</u>, 528 U.S.

---

[3] Although permitted to do so, Daliot-Rios did not file a pro se brief.

[4] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. In conducting an <u>Anders</u> analysis, we exercise plenary review to determine whether there are any nonfrivolous issues for appeal. <u>Penson v. Ohio</u>, 488 U.S. 75, 80-83 & n.6 (1988).

[5] An issue is frivolous if it "lacks any basis in law or fact." <u>McCoy v. Ct. of Appeals of Wis., Dist. 1</u>, 486 U.S. 429, 438 n.10 (1988); <u>see also</u> <u>Brookins</u>, 132 F.4th at 665 (observing that "[i]f there is an issue that is 'arguable' on its merits, then the appeal is not frivolous").

259, 285 (2000), and (2) explains why the identified issues are frivolous, Brookins, 132 F.4th at 666. Daliot-Rios's counsel has fulfilled these obligations.

Typically, Daliot-Rios's guilty plea would limit the appealable issues to (1) the District Court's jurisdiction; (2) the voluntariness of his plea; and (3) the reasonableness of his sentence. See 18 U.S.C. § 3742; Menna v. New York, 423 U.S. 61, 62 n.2 (1975) (per curiam); United States v. Broce, 488 U.S. 563, 569 (1989). Here, however, Daliot-Rios waived most of his appellate rights when he entered into his plea agreement, which further limits the appealable issues. Washington v. Sobina, 475 F.3d 162, 165 (3d Cir. 2007) (per curiam). Despite acknowledging that Daliot-Rios's waiver forecloses almost all appeals, his counsel still explained why jurisdiction exists and why any challenge to Daliot-Rios's plea or sentence would be frivolous. Daliot-Rios's counsel thus has fulfilled his Anders obligations. See Brookins, 132 F.4th at 666.

B

Our independent review of the record accords with counsel's assessment. Daliot-Rios entered a plea agreement containing an appellate waiver, which, if enforceable, would bar this appeal.[6] "We will enforce an appellate waiver where we conclude that:

---

[6] "We review the validity and scope of an appellate waiver de novo." United States v. Grimes, 739 F.3d 125, 129 (3d Cir. 2014). An appellate waiver "does not deprive us of subject matter jurisdiction, but, when the waiver is valid, we will not exercise that jurisdiction to review the merits of the defendant's appeal," and will "[t]ypically . . . affirm the judgment of the district court," rather than "dismiss[] the appeal." United States v. James, 928 F.3d 247, 252 (3d Cir. 2019) (citations and internal quotation marks omitted).

(1) the issues a defendant pursues on appeal fall within the scope of the waiver; (2) the defendant knowingly and voluntarily agreed to the waiver; and (3) enforcing the waiver would not work a miscarriage of justice." United States v. Langley, 52 F.4th 564, 575 (3d Cir. 2022).

To begin, we determine the scope of an appellate waiver by examining the language of the plea agreement and strictly construing it. United States v. Corso, 549 F.3d 921, 927 (3d Cir. 2008). According to the plea agreement, Daliot-Rios waives his right to appeal or collaterally attack his sentence or conviction unless: (1) the Government appeals the sentence, (2) his sentence exceeds the statutory maximum, (3) the District Court upwardly departed or varied, or (4) his challenge is based on a claim of ineffective assistance of counsel.

None of these circumstances are present. First, the Government has not appealed. Second, Daliot-Rios's sentence is below the applicable statutory maximums.[7] Third, the District Court did not depart or vary but rather imposed a within-Guidelines sentence. Finally, Daliot-Rios has not alleged his counsel was ineffective and, in any event, such

---

[7] See 21 U.S.C. § 841(b)(1)(B) (providing a forty-year maximum prison term for Count 1); 21 U.S.C. § 841(b)(1)(C) (providing a twenty-year maximum prison term for Counts 15 and 17); 18 U.S.C. § 1201(c) (providing a maximum prison term of life for Counts 2 and 13); 18 U.S.C. § 924(c)(1)(A)(i)-(iii) (providing a ten-year maximum prison term for Counts 4 and 10); 18 U.S.C. § 924(j)(1) (providing a sentence of death or a maximum prison term of life for Count 5); 21 U.S.C. § 856(b) (providing a twenty-year maximum prison term for Count 19). The sentenced imposed for Count 18 includes no statutory maximum but rather provides for a mandatory consecutive minimum sentence. See 18 U.S.C. § 924(c)(1)(A).

claims generally are not appropriate for direct appeal. See, e.g., United States v. Jake, 281 F.3d 123, 132 n.7 (3d Cir. 2002).

Next, the record shows that Daliot-Rios knowingly and voluntarily agreed to the appellate waiver. At his plea hearing, Daliot-Rios affirmed that he (1) understood he was limiting his right to appeal "in a significant way," App. 94, (2) understood the "very narrow circumstances" in which he could appeal, App. 103, and (3) did not "have any questions or reservations . . . concerning how narrow [his] appellate rights and . . . habeas corpus rights are," App. 99. Daliot-Rios also confirmed his understanding of the appellate waiver in writing by signing the plea agreement and an "Acknowledgement of Rights" form, both of which he reviewed with counsel. Thus, Daliot-Rios knowingly and voluntarily waived his appellate rights.

Finally, enforcing the appellate waiver would not work a miscarriage of justice. "To determine whether enforcing a waiver works a miscarriage of justice, we consider [t]he clarity of [any] error, its gravity, [and] its character," and will not enforce the waiver in only "unusual circumstance[s]" to prevent "manifest injustice." United States v. Grimes, 739 F.3d 125, 130 (3d Cir. 2014) (citations and quotation marks omitted). Here, there is no error. The District Court had jurisdiction, and Daliot-Rios entered a knowing and voluntary plea consistent with the Constitution and Federal Rule of Criminal Procedure 11. His sentence reflected consideration of the § 3553(a) factors and was within the applicable Guidelines range. Furthermore, given the natures of the crimes, it cannot be said that no reasonable sentencing judge would impose such a sentence.

Accordingly, we cannot say that enforcing the appellate waiver would work a miscarriage of justice, and so we will enforce it.

III

For the foregoing reasons, we will grant counsel's motion to withdraw and affirm.